**Angel ALBERTO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00116–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 28, 2002.

Decided Feb. 13, 2003.

Ebb B. Mobley, Longview, for appellant.

William M. Jennings, Gregg County District Attorney, Andy Porter, F. Alfonso Charles, Assistant District Attorneys, Longview, for appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

■ Angel Alberto and Armando Aguilliar flagged down a car that had just left a nightclub. Alberto used a shotgun to force the driver and passenger out of the car. Alberto and Aguilliar then took the car. Alberto pleaded guilty, without a plea agreement, to aggravated robbery. The trial court sentenced him to twenty years' imprisonment. Alberto contends that the trial court erred in sentencing him without the benefit of a substance abuse evaluation and that his sentence is disproportionate to the offense.

Article 42.12, Section 9(h)(2) of the Texas Code of Criminal Procedure provides,

> (h) On a determination by the judge that alcohol or drug abuse may have contributed to the commission of the offense, ... the judge shall direct a supervision officer ... to conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for, alcohol or drug rehabilitation for a defendant and to report that evaluation to the judge. The evaluation shall be made:
>
> . . . .
>
> (2) after conviction and before sentencing, if the judge assesses punishment in the case.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(h)(2) (Vernon Supp.2003). The statute is mandatory. *Smith v. State,* 91 S.W.3d 407, 409 (Tex.App.-Texarkana 2002, no pet.); *Caster v. State,* 87 S.W.3d 751, 752 (Tex.App.-Texarkana 2002, no pet.). Nevertheless, a party must assert his or her right to a substance abuse evaluation or it is waived. *See Smith v. State,* 91 S.W.3d 407, 2002 WL 31398471, at *2; *Caster v. State,* 87 S.W.3d at 752; *see also* TEX. R.APP. P. 33.1(a). Because Alberto did not raise this issue in the trial court, it is waived.

■ Alberto also contends his punishment is disproportionate to the offense. He was convicted of a first degree felony, the punishment range for which is not less than five nor more than ninety-nine years' or life imprisonment. *See* TEX. PEN.CODE ANN. §§ 12.32(a), 29.03(b) (Vernon 1994). The trial court sentenced Alberto to twenty years' imprisonment.

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim.App.1973). However, in *Jackson v. State,* 989 S.W.2d 842, 845 (Tex.App.-Texarkana 1999, no pet.), this Court recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. *See also Fluellen v. State,* 71 S.W.3d 870, 873 (Tex.App.-Texarkana 2002, pet. ref'd); *Latham v. State,* 20 S.W.3d 63, 68–69 (Tex.App.-Texarkana 2000, pet. ref'd).

* William J. Cornelius, C.J., Retired, Sitting by Assignment

**530**

Our proportionality analysis under both the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Texas Constitution is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Simmons v. State,* 944 S.W.2d 11, 15 (Tex.App.-Tyler 1996, pet. ref'd) (evaluating appellant's Texas constitutional claim of cruel and unusual punishment under test outlined in *Solem* ). Only if we find that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.1992); *see also Davis v. State,* 905 S.W.2d 655, 664–65 (Tex.App.-Texarkana 1995, pet. ref'd).

Alberto did not present this issue to the trial court; therefore, he did not preserve it for our review. *See* Tex.R.App. P. 33.1(a); *Jackson v. State,* 989 S.W.2d at 844. Even if Alberto's contention had been preserved for review, there is no evidence in the record comparing the sentences imposed on persons in Texas with sentences imposed against defendants in other jurisdictions who committed a similar offense. *See Fluellen v. State,* 71 S.W.3d at 873; *Latham v. State,* 20 S.W.3d at 69; *Davis v. State,* 905 S.W.2d at 664–65.

We affirm the judgment.