In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00008-CR


______________________________




CHRISTOPHER ALAN GARCIA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 262nd Judicial District Court


Harris County, Texas


Trial Court No. 909972




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Christopher Alan Garcia pled guilty to indecency with a child December 4, 2002. 
The trial court sentenced Garcia to four years' imprisonment. There was no plea
agreement. Garcia filed a timely motion for new trial January 3, 2003. See Tex. R. App.
P. 21.4 (motion for new trial to be filed within thirty days of sentencing). Garcia's appeal
was later transferred to this Court by the Texas Supreme Court.

 Garcia is represented by retained counsel and is not appealing as an indigent; he
is, therefore, responsible for paying for the preparation of the appellate record. The clerk's
and reporter's records in Garcia's appeal were to be filed by April 3, 2003. See Tex. R.
App. P. 35.2(b) (appellate record due within 120 days of sentencing if motion for new trial
filed). The clerk's record was timely filed April 4, 2003. See Tex. R. App. P. 9.2(b)
(document timely filed if postmarked by due date, properly addressed and stamped, and
received within ten days of mailing). By June, however, no reporter's record had been
filed. 

 In an order dated June 2, 2003, we warned Garcia that, if the reporter's record was
not filed by June 17, 2003, or if we had not received information reflecting an adequate
effort to obtain the reporter's record, or if Garcia's appellate brief based solely on the clerk's
record was not received by June 17, 2003, then we would consider Garcia's appeal based
on the clerk's record alone. See Tex. R. App. P. 37.3(c).

 It is now July, and seven months have passed since Garcia filed his notice of
appeal. We have received no communication from Garcia's retained appellate counsel
since our June order. Garcia's appellate brief has not been filed. And we have no
reporter's record. Garcia's retained counsel has failed to comply with our June 2, 2003,
order directing counsel to file the reporter's record, to show adequate efforts to secure the
reporter's record, or to file his brief based on the clerk's record alone. Therefore, under the
authority of Rule 37.3(c), we will consider the issues raised by the clerk's record alone. 
See Tex. R. App. P. 37.3(c) (court may consider and decide issues not requiring reporter's
record).

 Garcia pled guilty to intentionally and knowingly engaging in sexual contact with a
child under the age of seventeen, who was not Garcia's wife, by touching the victim's
genitals. Indecency with a child, as alleged in this case, is a second degree felony. See
Tex. Pen. Code Ann. § 21.11 (Vernon 2003). The record before us indicates Garcia's
guilty plea was made voluntarily with full knowledge of the consequences of his plea,
including sex offender registration. Garcia signed a written statement that he was mentally
competent at the time of his plea and understood the nature of the charge against him. 
In short, there is nothing in the record that causes us to question the validity of Garcia's
plea.

 Similarly, there is nothing in the record that causes us to question the propriety of
the sentence assessed. Although the trial court denied Garcia's motion for community
supervision, Garcia's four-year sentence was within the range provided for second degree
felonies. See Tex. Pen. Code Ann. § 12.33 (Vernon 2003) (punishment range for second
degree felony is two to twenty years). When a trial court assesses punishment within the
statutory range, we shall presume the sentence was proper absent evidence to the
contrary. See Alberto v. State, 100 S.W.3d 528, 529-30 (Tex. App.-Texarkana 2003, no
pet.) (punishment not cruel or excessive if within statutory range). In this case, the record
demonstrates no evidence to the contrary.

 For the reasons stated, we find the record raises no issues requiring reversal. We
affirm the trial court's judgment.

 

 Donald R. Ross

 Justice



Date Submitted: July 16, 2003

Date Decided: July 17, 2003


Do Not Publish



 UCCJEA to make a child custody determination.
            Section 152.201 governs the initial child custody jurisdiction of courts in the State of Texas
and allows Texas courts to make an initial child custody determination only if the statutory
requirements are fulfilled. We will summarize the four possible bases of jurisdiction in Texas and
then examine whether any of the four authorizes a Texas court to conduct this custody determination. 
            (1) Home State Jurisdiction—A Texas court has jurisdiction if Texas is the state in which
a child lived with a parent for at least six consecutive months immediately before the commencement
of a child custody proceeding or was the home state of the child within six months before the
commencement of the proceeding and the child is absent from the state, but a parent continues to live
in Texas. See Tex. Fam. Code Ann. §§ 152.102(7), 152.201(a)(1).
            The undisputed facts compel the conclusion that Texas is not the home state of J. S. Joseph
acknowledges the child was born in Georgia and has never lived in the State of Texas. The child is
almost two years old. Since Georgia is the child's home, it qualifies to exercise jurisdiction over the
custody question. 
            (2) Significant Contact Jurisdiction—A Texas court may also have jurisdiction if no court
from another jurisdiction qualifies as the home state of the child under (1) above or the home state
court of the child has declined to exercise jurisdiction on the ground that such court is an
inconvenient forum or due to unjustifiable conduct (such as kidnapping) by a person seeking to
invoke that court's jurisdiction and the child and at least one parent have significant contacts with
Texas. See Tex. Fam. Code Ann. §§ 152.201(a)(2), 152.207, 152.208.
            There is no allegation or evidence that the courts of the State of Georgia have declined to
exercise jurisdiction or have determined that Texas is the more appropriate forum. Joseph
acknowledges that the child's mother has filed a suit in Georgia regarding parentage of the child. In
her answer and motion to dismiss, Taneska alleges that a Georgia state court has entered an order
granting her custody of the child and determining that Georgia is the home state of the child. 
            (3) More Appropriate Forum Jurisdiction—A Texas court has jurisdiction if all courts
having jurisdiction under (1) or (2) above have declined to exercise jurisdiction, finding Texas the
more appropriate forum. See Tex. Fam. Code Ann. § 152.201(a)(3).
            Texas courts do not acquire jurisdiction under this provision because there is no evidence that
all courts having jurisdiction have declined to exercise jurisdiction or found that Texas courts are
the more appropriate forum.
            (4) Default Jurisdiction—A Texas court has jurisdiction if no court of any other state would
have jurisdiction under (1), (2), or (3) above. See Tex. Fam. Code Ann. § 152.201(a)(4). 
            This provision does not apply because Georgia, as the home state, has jurisdiction under (1)
above. 
            We agree that the district court in Jefferson County, Texas, did not have jurisdiction to make
this custody determination. The provisions of the UCCJEA referred to above are the exclusive
jurisdictional bases for making a child custody determination by a court in Texas. Tex. Fam. Code
Ann. § 152.201(b). 
            We affirm the judgment of the trial court. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          September 30, 2005
Date Decided:             October 4, 2005