In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00062-CV
______________________________


E. C. SHRUM, JR., Appellant
Â 
V.
Â 
THE CADLE COMPANY, AS ASSIGNEE FROM 
MBANK LONGVIEW, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court at Law
Gregg County, Texas
Trial Court No. 87-00723-CC


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â E. C. Shrum, Jr., has filed a motion asking this Court to dismiss his appeal. Pursuant to Tex.
R. App. P. 42.1(a)(1), we grant the motion.
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted: Â Â Â Â Â Â Â Â Â June 7, 2004
Date Decided: Â Â Â Â Â Â Â Â Â Â Â Â June 8, 2004




the defendant which show an understanding
and common design to do the prohibited act." Cordova v. State, 698 S.W.2d 107, 111 (Tex. Crim.
App. 1985). Each fact need not point directly and independently to the guilt of the appellant, as long
as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. 
See Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1993). Circumstantial evidence is as probative as direct evidence in
establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish
guilt. Guevara, 152 S.W.3d at 49. On appeal, the same standard of review is used for both
circumstantial and direct evidence cases. Id.; Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App.
2007).

 In a factual sufficiency review, the evidence is reviewed in a neutral light rather than (as in
a legal sufficiency review) in the light most favorable to the verdict. Roberts v. State, 220 S.W.3d
521 (Tex. Crim. App. 2007). Evidence can be factually insufficient in one of two ways: (1) when
the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly
unjust, and (2) when the supporting evidence is outweighed by the great weight and preponderance
of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. Watson v.
State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). A reversal for factual insufficiency cannot
occur when "the greater weight and preponderance of the evidence actually favors conviction!" Id.
at 417. Although an appellate court reviewing factual sufficiency has the ability to second-guess the
jury to a limited degree, the review should still be deferential, with a high level of skepticism about
the jury's verdict required before a reversal can occur. Cain v. State, 958 S.W.2d 404, 407 & 410
(Tex. Crim. App. 1997).

 B. Analysis

 Sergeant Jeff Powell, a twelve-year veteran of the Palestine Police Department, testified first
for the State. Powell was working from ten in the evening until six in the morning on MayÂ 15, 2004. 
During his shift, he responded to a call from fellow Palestine police officer Darren Goodman, who
had stopped Roberts' vehicle for suspicion of DWI. Powell, after identifying appellant in court as
being the same person whom police had stopped on the night in question, testified Roberts "had a
strong odor of alcohol on him[,]" which the officer later explained as coming from Roberts' breath. 
Powell also noted that Roberts slurred his speech. Powell then asked Roberts to submit to several
field sobriety tests. 

 During the horizontal gaze nystagmus test, Powell noticed Roberts' eyes showed a lack of
smooth pursuit in each eye, demonstrated nystagmus at maximum deviation in each eye, and
exhibited the onset of nystagmus in each eye before reaching the forty-five degree mark. Therefore,
according to Powell, Roberts showed all six indicators (out of a maximum of six indicators) for
intoxication during this test. 

 During the alphabet recitation test, Roberts reportedly stopped at the improper location and
added an extra letter into the alphabet. Such performance suggested Roberts might have lost
sufficient mental faculties to perform similar divided-attention tasks, such as operating a motor
vehicle. 

 During the walk-and-turn test, Powell testified that Roberts was unable to maintain his
balance during the instructional phase of the test, that Roberts took the incorrect number of steps,
and that Roberts made an improper turn while performing the test. Similarly, during the one-legged-stand test, Roberts was unable to maintain his balance for longer than fifteen seconds. 

 Powell ultimately concluded that the totality of Roberts' performance of these field sobriety
tests provided probable cause to believe Roberts was intoxicated. Roberts was therefore arrested for
DWI and taken to jail. At the jail, Roberts refused to provide a specimen of his breath for purposes
of analyzing its alcohol concentration, a factor that jurors are permitted to consider in determining
whether a person may have been intoxicated at the time of the alleged offense. See Tex. Transp.
Code Ann. §Â 724.061 (Vernon 1999). Roberts also reportedly became belligerent toward the
officers, a personality change or manifestation that Powell testified was consistent with someone
who might be intoxicated. Under subsequent examination, Powell conceded that each field sobriety
test is, in isolation, not a fool-proof method for determining or predicting whether an individual is
intoxicated. However, Powell testified that his ultimate decision to arrest Roberts for DWI was
based on the totality of the latter's performance during the field sobriety tests. 

 Goodman, a sixteen-year law enforcement veteran and currently a reserve deputy with the
Anderson County Sheriff's Department, testified next. Goodman had known Roberts since the two
were in school together. Goodman testified that he performed the initial traffic stop of Roberts'
vehicle after Roberts made a turn without signaling. See Tex. Transp. Code Ann. Â§Â§ 545.104,
545.106 (Vernon 1999). When Goodman made contact with Roberts, the former noticed a strong
odor of alcohol coming from the latter. Roberts admitted to having had "a few" drinks and appeared
to be staggering around. (3) Goodman also described Roberts as "getting a little angry" with the officer,
which Goodman attributed to the fact that Roberts was likely intoxicated. Goodman testified that
he then decided to call another officer to assist in having Roberts perform field sobriety tests. 

 Viewing the State's evidence in the light most favorable to the jury's verdict, the jury had
before it evidence that suggested Roberts (1) had operated a motor vehicle, (2) in a public place,
(3)Â at a time period when he had lost the normal use of his mental and/or physical faculties,
(4)Â because he had consumed one or more alcoholic beverages. See Tex. Penal Code Ann. Â§Â 49.04. 
Such evidence is sufficient to support the jury's verdict in this case. Additionally, we cannot say that
the jury's assessment of the evidence in this case, and its determination that Roberts was guilty of
the charged offense, is either against the great weight and preponderance of all the evidence admitted
at trial or resulted in a verdict that is "manifestly unjust." Accordingly, the evidence is both legally
and factually sufficient to support the jury's verdict. We overrule Roberts' multifarious contention
to the contrary.

II. Disproportionate Sentence

 In his second point of error, Roberts contends his twenty-five-year sentence is
disproportionate to his crime. The Eighth Amendment to the United States Constitution prohibits
the infliction of cruel and unusual punishment to persons convicted of a crime. See U.S. Const.
amend. VIII.

 In the lower court, Roberts did not object to his sentence on the ground that it was
disproportionate to his crime (or on any other ground) either at the time it was imposed or by filing
a motion for new trial. To preserve a complaint for appellate review, an appellant must have
presented to the trial court a timely request, objection, or motion stating the specific grounds for the
ruling desired. Tex. R. App. P. 33.1(a)(1)(A): Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim.
App. 1996). An objection must be made in a timely manner, and a motion for new trial is an
appropriate way to preserve for review a claim for disproportionate sentencing. Delacruz v. State,
167 S.W.3d 904, 905 (Tex. App.--Texarkana 2005, no pet.). Roberts did not raise this issue at his
sentencing hearing, in his motion for new trial, or even in his notice of appeal. Therefore, this issue
has not been preserved for appellate review.

 Yet even if the contention had been preserved for review, there is no evidence in the record
comparing the sentences imposed on persons in Texas with sentences imposed against defendants
in other jurisdictions who committed a similar offense. See Alberto v. State, 100 S.W.3d 528, 530
(Tex. App.--Texarkana 2003, no pet.); Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.--Texarkana 2002, pet. ref'd).

III. Conclusion

 For the reasons stated, we overrule Roberts' points of error and affirm the trial court's
judgment.




 Jack Carter

 Justice


Date Submitted: October 11, 2007

Date Decided: November 21, 2007


Do Not Publish
1. Pursuant to its docket equalization authority, the Texas Supreme Court transferred this case
from the Tyler Court of Appeals. See Tex. Gov't Code Ann. Â§ 73.001 (Vernon 2005); Miles v.
Ford Motor Co., 914 S.W.2d 135, 137 (Tex. 1995).
2. To its credit, the State's brief offered a substantive and thorough analysis of the evidentiary
sufficiency in this case.
3. Powell had earlier testified that Roberts had admitted to having consumed two beers on the
evening in question.