In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00146-CR
______________________________


SHARON ANNETTE GABLE UPSHAW, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31301-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Sharon Annette Gable Upshaw appeals from her conviction for driving while intoxicated,
subsequent offense, alleging that her six-year sentence is disproportionate to the offense. The range
of punishment for the charge was two to ten years' imprisonment and a $10,000.00 fine. Upshaw
entered an open plea of guilty with a recommendation by the State that she be placed on community
supervision. The evidence was that she had six prior community supervision sentences, with four
of the six having been revoked, and that she was on community supervision for driving while
intoxicated at the time she was arrested on this charge. The record also shows that Upshaw has a
history of psychiatric disorders, that she was on several prescription medications for those disorders,
and that she is suffering from hepatitis C.
            The trial court, after a review of Upshaw's prior offenses and multiple community
supervision experiences, assessed her punishment at six years' imprisonment. 
            We first look to see if the issue has been preserved for review. Upshaw did not object to the
sentence at the time it was imposed on the ground it was disproportionate to the crime. There was
an argument that the sentence was inappropriate, based on alleged bias by the court against counsel,
but no argument involving constitutional disproportionality. The motion for new trial also does not
raise such an argument, containing only the generic argument that the punishment is contrary to the
law and to the evidence. 
            To preserve a complaint for appellate review, an appellant must have presented to the trial
court a timely request, objection, or motion, stating the specific grounds for the ruling desired. Tex.
R. App. P. 33.1(a)(1)(A); see Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). This
Court has held that a defendant is required to raise a disproportionality objection in a timely manner. 
Hookie v. State, 136 S.W.3d 671, 679 (Tex. App.—Texarkana 2004, no pet.); Jackson v. State, 989
S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.). That was not done in this case, and the
issue has not been preserved for our review.
            Even if we reached the issue, Texas courts have traditionally held that, as long as the
punishment assessed is within the range prescribed by the Legislature in a valid statute, the
punishment is not excessive, cruel, or unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex.
Crim. App. 1973). However, in Jackson, 989 S.W.2d at 845, we recognized that a prohibition
against grossly disproportionate punishment survives under the Eighth Amendment to the United
States Constitution apart from any consideration of whether the punishment assessed is within the
range established by the Legislature. See also Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.—Texarkana 2002, pet. ref'd).
            As we set out in Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no
pet.), our proportionality analysis is guided by (1) the gravity of the offense and the harshness of the
penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences
imposed for commission of the same crime in other jurisdictions. See Solem v. Helm, 463 U.S. 277,
292 (1983). Only if we find that the sentence is grossly disproportionate to the offense will we then
consider the remaining factors of the Solem test and compare the sentence received to sentences for
similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions.
Alberto, 100 S.W.3d at 530.
            Here, the sentence imposed was in the midrange of available punishments. Even though
Upshaw had a number of explanations and excuses for her behavior, it was nonetheless clear she had
repeatedly committed the acts—and been placed on community supervision for them. Under those
circumstances, failing to provide another community supervision opportunity for Upshaw and
imposing a six-year sentence cannot be considered as grossly disproportionate to the offense. 
Further, there is no evidence in the record comparing this sentence with others in the same
jurisdiction for this offense, or those imposed on defendants in other jurisdictions who committed
a similar offense. See id. For all of those reasons, disproportionate sentencing has not been shown.
            We affirm the judgment.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 17, 2005
Date Decided:             June 22, 2005

Do Not Publish



s that would each independently
support an attempt to temporarily detain McDonald under Terry's reasonable suspicion requirement. 
Redd had specifically observed facts that suggested McDonald had committed several traffic
offenses in the officer's presence. Thus, McDonald's arrest for the subsequent flight while operating
a motor vehicle was not the end-product of an attempted, unlawful, initial detention. We overrule
McDonald's second point of error.

(3) Factual Sufficiency

 In his final point of error, McDonald contends the evidence is factually insufficient to support
his conviction. Our factual sufficiency review looks to all the evidence in a neutral light and
determines whether the evidence supporting the verdict is so weak that the jury's verdict is clearly
wrong and manifestly unjust, or whether the great weight and preponderance of the evidence is
contrary to the verdict. Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006); Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996).

 Our assessment of McDonald's second point of error outlines most of the State's evidence
supporting McDonald's conviction. The only other substantive evidence regarding the events at issue
came from McDonald's own testimony. During his testimony, McDonald first admitted he had been
driving without a valid driver's license July 19, 2006. He also admitted that, between July 19 and
July 21, he had not gone to get a driver's license. Third, McDonald admitted he had stopped in the
middle of the roadway July 21, albeit only briefly, to talk to a friend. McDonald also told the jury
that, when he recognized Redd driving toward him, he began to drive away from the area. 
McDonald then saw Redd turn his police car around and begin following him at a high rate of speed. 
 McDonald then "panicked" because he believed that, if he was found driving again without
a license, Redd would this time arrest him rather than issue a traffic citation. So McDonald fled. 
Eventually, he made his way back to his mother's house, and there he peacefully surrendered. During
his testimony, McDonald also admitted that he failed to obey several stop signs and that he heard and
saw the police car's sirens and lights during the chase but had ignored them. 

 In short, none of McDonald's testimony contradicts the State's evidence that McDonald
evaded the officer's attempt to detain, nor did McDonald's testimony contradict the State's evidence
that McDonald used a motor vehicle during the commission of his crime. To the contary,
McDonald's testimony only bolstered the State's evidence on the essential elements of the underlying
offense. Accordingly, we conclude the evidence supporting the jury's verdict is not greatly
outweighed by contrary evidence, nor does the jury's verdict appear manifestly unjust. We overrule
McDonald's final point of error.

 For the reasons stated, we affirm the trial court's judgment.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 8, 2007

Date Decided: March 9, 2007


Do Not Publish
1. The in pari materia doctrine "is a rule of statutory construction for determining which
statutory provision controls when a general provision and a more specific statutory provision deal
with the same subject matter and they irreconcilably conflict." Ex parte Smith, 185 S.W.3d 887, 899
n.5 (Tex. Crim. App. 2006).