In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00174-CR
______________________________


TABITHA RUTH FENTON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 13,280


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Tabitha Ruth Fenton (also known as Tabitha Fenton Sullivan) pled guilty August 11,
2003, to the offense of theft. See Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp. 2005). 
The punishment range for Fenton's charge was enhanced from a class B misdemeanor,
see Tex. Pen. Code Ann. § 31.03(e)(2) (Vernon Supp. 2005) (theft of property valued at
$50.00 or more but less than $500.00), to a state-jail felony because Fenton admitted to
having been twice previously convicted of theft. See Tex. Pen. Code Ann. § 31.03(e)(4). 
The trial court found the State's evidence substantiated Fenton's guilt, but the trial court
further deferred a finding of guilt for two years and released Fenton to community
supervision for that period of time. 
          On December 7, 2004, the State filed an application to adjudicate Fenton's guilt. 
The State alleged Fenton had committed several new criminal offenses November 19,
2004, had failed to perform her community service as directed by her conditions of
community supervision, had failed to provide proof of academic achievement within thirty
days of being released to community supervision, and had failed to pay court costs and
court-appointed attorney's fees as required by her conditions of community supervision. 
At the July 8, 2005, hearing on the State's motion, Fenton pled "[n]ot true" to the
allegations that she had violated the terms of her community supervision. The trial court,
however, agreed with the State, adjudicated Fenton's guilt, and assessed punishment at
confinement in a state-jail facility for a period of twenty months. Fenton thereafter timely
appealed the trial court's judgment. 
          Fenton's appellate counsel filed an Anders


 brief in which counsel professionally
discussed the record, described the issues reviewed, and concluded there were no
arguable grounds for appeal. As required by Anders, counsel also filed a motion to
withdraw, sent Fenton a copy of the appellate brief, and informed her of the right to file a
response pro se and of her right to review the record. This Court informed Fenton that her
response, if any, was due by January 12, 2006. As of this date, we have not received a
response. 
          We have independently reviewed the record and the brief filed by counsel in this
appeal, and we agree there are no arguable issues that would support an appeal in this
case. First, any potential issues related to Fenton's original guilty plea (such as
voluntariness or evidentiary sufficiency) would have to have been raised in an appeal from
the original plea. Because Fenton did not timely appeal the original guilty plea proceeding,
we cannot now address any potential issues related to that proceeding. See Manuel v.
State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). 
          Second, the Legislature has expressly excluded from our jurisdiction the ability to
examine a trial court's decision to proceed to an adjudication of guilt when the trial court
has previously deferred such a finding and granted community supervision. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005). We, therefore, may not
consider the legal or factual sufficiency of the evidence to support the trial court's findings
that Fenton violated the terms and conditions of her community supervision as alleged by
the State in its motion to adjudicate guilt. See also Olowosuko v. State, 826 S.W.2d 940,
942 (Tex. Crim. App. 1992).
          During the punishment phase of the proceedings, only Fenton testified. She
informed the trial court that she had recently undergone open heart surgery and that she
had two children who were both still in school. Fenton expressed a personal need to go
home to be a mother for her children. She also explained that she tried to do her
community service every month, except for the time in which she was in the hospital for
heart surgery or was otherwise ill. She concluded her testimony on direct examination by
asking the trial court to sentence her to only one year's confinement in a state-jail facility. 
          The trial court ultimately assessed punishment at twenty months' confinement. In
so doing, the trial court stated, 
I will tell you this, originally I was going to sentence you to two years in the
state jail, I'm still halfway inclined to do that, but I've adjusted this sentence
based on probably something I shouldn't have considered and that is your
children, but I'm going to sentence you to twenty months in the state jail with
credit for time served. 
This is within the range of punishment provided by statute. See Tex. Pen. Code Ann.
§ 12.35 (Vernon 2003). And there is nothing in the record to suggest, had the issue been
raised and preserved in the trial court, that this sentence is disproportionate to the offense. 
See, e.g., Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.)
(setting forth our proportionality analysis under federal and state authorities).
          Our review of the record reveals no reversible error. Accordingly, we grant counsel's
motion to withdraw and affirm the trial court's judgment.
 

                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      March 7, 2006
Date Decided:         April 28, 2006

Do Not Publish