In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00045-CR


______________________________




BRUCE WAYNE DOUGLAS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 32989-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Bruce Wayne Douglas appeals from his conviction on an open plea of guilty to a
charge of intoxication manslaughter. The trial court sentenced Douglas to fifteen years'
imprisonment, in a range of two to twenty years. The evidence shows that Douglas drove
his vehicle into oncoming traffic, striking two other vehicles. The driver of one vehicle,
Mildred English, was killed. Toxicology reports show that Douglas had three drugs in his
system: zolpidem (Ambien), (1) cocaine, and diphenhydramine (Benadryl). It is apparent
from the evidence that the level of cocaine in Douglas' system was vanishingly small, while
the level of zolpidem in his system was quite high. At the sentencing proceeding, the State
relied on the interaction of Benadryl and Ambien to place Douglas in an impaired condition,
which it contended resulted in his loss of functional control of his vehicle.

 Douglas contends his sentence is unconstitutionally disproportionate under the
Eighth Amendment to the United States Constitution, which prohibits the infliction of cruel
and unusual punishment on persons convicted of a crime. See U.S. Const. VIII.

 He did not object to the sentence on the ground it was disproportionate to the crime,
or on any other ground, at the time it was imposed. To preserve a complaint for appellate
review, an appellant must have presented to the trial court a timely request, objection, or
motion, stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1)(A); 
Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). This Court has held that
a defendant is required to raise a disproportionality objection to a sentence at the time the
sentence is imposed. Hookie v. State, 136 S.W.3d 671, 679 (Tex. App.--Texarkana 2004,
no pet.); Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.). 
No issue is presented for our review and, thus, we overrule this point of error.

 Even if the contention had been preserved for review, there is no evidence in the
record comparing the sentences imposed on persons in Texas with sentences imposed
against defendants in other jurisdictions who committed a similar offense. Alberto v. State,
100 S.W.3d 528, 529-30 (Tex. App.--Texarkana 2003, no pet.); see Fluellen v. State, 71
S.W.3d 870, 873 (Tex. App.--Texarkana 2002, pet. ref'd); Latham v. State, 20 S.W.3d 63,
68-69 (Tex. App.--Texarkana 2000, pet. ref'd).

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: October 17, 2006

Date Decided: October 18, 2006


Do Not Publish
1. Ambien is a sleep-inducing prescription drug.



0;   Dwight Wayne Jones, an inmate at the Texas Department of
Corrections–Institutional Division, has filed a petition for writ of mandamus. He asks us to
order the Honorable Robin Sage, presiding judge of the 307th Judicial District Court in
Gregg County, Texas, to rule on Jones' motion for a bench warrant he filed October 24,
2003. 
          Mandamus relief is an extraordinary remedy. We will issue a writ of mandamus only
when the mandamus record establishes (1) a clear abuse of discretion or the violation of
a legally imposed duty, and (2) the absence of a clear and adequate remedy at law. Cantu
v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994). 
          In this case, Jones has not supplied this Court with a record of the proceedings from
the underlying case. Nor has he supplied us with anything, other than his petition, from
which we could determine if the trial court abused its discretion or violated a duty imposed
by law. Without such a record—as well as a clear showing that the trial court abused its
discretion and that Jones has no other adequate relief available, such as
appeal—mandamus relief is inappropriate.
 

          Accordingly, we deny Jones' petition for writ of mandamus.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      August 11, 2004
Date Decided:         August 12, 2004