NO. 07-07-0103-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A
 
APRIL 24, 2008
______________________________

DAVID RICKIE STEEN AKA DAVID RICKY STEEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 54,399-B; HONORABLE JOHN BOARD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, David Ricky Steen, appeals his sentence of seven years in the
Institutional Division of the Texas Department of Criminal Justice. We affirm.
Background
          Appellant was arrested for stealing meat from a local supermarket valued at
approximately $31. However, because of previous theft convictions, appellant’s indictment
was for a state jail felony theft. Additionally, the charged offense was enhanced by two
prior felony convictions raising the punishment range to that of a third degree felony. 
Appellant pled guilty to the charged offense and pled true to the two enhancements. 
Appellant also chose to have the trial court judge assess punishment rather than to elect
to have a jury assess punishment; after the presentation of evidence, the trial court
assessed a sentence of seven years confinement in the Institutional Division of the Texas
Department of Criminal Justice.
          Appellant now seeks to appeal the sentence contending that the sentence is cruel
and unusual punishment in violation of the Eighth Amendment of the United States
Constitution and Article I, § 13 of the Texas Constitution because the assessed
punishment is grossly disproportionate to the crime committed.


 We affirm.
Law and Analysis
          Our proportionality analysis under both the Eighth Amendment to the United States
Constitution and Article I, § 13 of the Texas Constitution is guided by (1) the gravity of the
offense and the harshness of the penalty; (2) the sentences imposed on other criminals
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime
in other jurisdictions. See Alberto v. State, 100 S.W.3d 528, 530 (Tex.App.–Texarkana
2003, no pet.). However, we first conduct a threshold comparison of the gravity of the
offense underlying the current conviction as well as the offenses underlying the prior
convictions against the severity of the sentence. See Winchester v. State, 246 S.W.3d
386, 389 (Tex.App.–Amarillo 2008, no pet. h.) (citing McGruder v. Puckett, 954 F.2d 313,
316 (5th Cir. 1992)). Only if the sentence is grossly disproportionate to the offense will the
court consider and compare the sentence received to similar crimes in the same
jurisdiction and sentences for the same crime in other jurisdictions. See McGruder, 954
F.2d at 316. 
          In this case, appellant’s current offense had been enhanced to a state jail felony by
two prior theft convictions. See Tex. Penal Code Ann. § 31.03(e)(4)(D) (Vernon Supp.
2007). Additionally, appellant’s punishment range was increased from a state jail range
to a third degree felony punishment range because appellant had previously been
convicted of two state jail felonies of burglary of a building. See Tex. Penal Code Ann. §
12.42(a)(1) (Vernon Supp. 2007). During cross examination of appellant at the punishment
hearing, appellant admitted to having a total of five felony convictions including a third
conviction for burglary of a building and a conviction for robbery. Under section 12.42(d)
of the Texas penal code, appellant’s sentence is supposed to reflect the seriousness of the
most recent offense, not as it stands alone, but in light of prior offenses. See Winchester,
246 S.W.3d at 390. Although appellant would argue that the present offense was minor
considering that the meat stolen was valued at $31, appellant’s past establishes a recurring
pattern of theft, exactly the type of activity meant to be taken more serious by the State of
Texas. See § 31.03(e)(4)(D) (punishing repeat offenders as felons regardless of the
classification of previous theft convictions). Finally, in reviewing the harshness of the
penalty, we would note that the trial court explained its rationale for the length of sentence. 
The trial court explained that it believed that, because of appellant’s criminal history and
continued disregard for the law, a jury would probably have given appellant the maximum
sentence. However, because the trial court appreciated appellant’s honesty on the stand
and apparent willingness to accept punishment for the offense, the trial court stated that
it wanted to reward appellant by reducing the sentence that it would have normally
imposed. Therefore, our threshold review of the gravity of the offense underlying the
current conviction as well as the offenses underlying the prior convictions against the
severity of the sentence demonstrates that appellant’s sentence of seven years is not
grossly disproportionate considering appellant’s history. Having determined that the
sentence is not disproportionate, we need not compare the sentence received to similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. 
See McGruder, 954 F.2d at 316. We overrule appellant’s issue.
Conclusion
          For the foregoing reasons, we affirm.






                                                                Mackey K. Hancock

                Justice

 
 
Do not publish.