In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00156-CR


______________________________




JOSHUA CALEB HINES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 35529-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 In early 2007, Joshua Caleb Hines and Chrystal Hines--married for approximately two and
one-half years at the time--were staying at the Deluxe Inn (previously known as the Community Inn)
in Kilgore when they began arguing in their motel room. When Joshua left the room, Chrystal
locked the door behind him. On his return, Joshua kicked in the door, and the two resumed their
argument, which (according to Chrystal) became physical. The only eyewitness to the argument to
testify during the guilt/innocence phase of the trial was Chrystal.

 Joshua waived his right to a jury trial and submitted to the trial court the issues of
guilt/innocence and punishment on his charge of felony assault by family violence. The trial court
found Joshua guilty and sentenced him to five years' confinement. The trial court did not grant
community supervision. Joshua now appeals, raising several issues. We overrule each and affirm
the trial court's judgment.

(1) Sufficient Evidence Supports the Trial Court's Judgment

 Joshua contends the evidence is legally and factually insufficient to support his conviction. 
In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). By contrast, the standard of review for factual sufficiency requires us to examine
all the evidence in a neutral light, and we may reverse the lower court's judgment only if it is so
against the great weight and preponderance of the evidence or if the verdict otherwise appears to be
manifestly unjust. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

 A person commits the offense of assault if he or she "intentionally, knowingly, or recklessly
causes   bodily   injury   to   another,   including   the   person's   spouse."   Tex.   Penal   Code
 Ann.  § 22.01(a)(1) (Vernon Supp. 2007). That offense is a class A misdemeanor, unless the victim
is the defendant's spouse and the defendant has been previously and finally convicted of assaulting
a family member, in which case the crime becomes a felony offense. Tex. Penal Code Ann.
§ 22.01(b)(2). (1)

 Chrystal testified she and Joshua were married August 11, 2004, and were still married as
of the date of trial. After Joshua returned to the couple's room by kicking in the door, the two
resumed their argument. During the final stages of the argument, Joshua twice pushed Chrystal in
her chest and demanded the return of the wedding ring he had given her. Joshua also attempted to
bite Chrystal. The two ended up struggling on the bed. During the struggle, Joshua reportedly
kicked Chrystal on her leg. Soon thereafter, the motel manager arrived and Chrystal called the
Kilgore Police Department. 

 Chrystal further testified that, as a result of being assaulted, she developed a large bruise on
one leg (lasting approximately three weeks), a smaller bruise on the other leg, and scratches on her
neck. Chrystal also reportedly experienced bodily pain as a result of being assaulted by Joshua. 

 On cross-examination by Joshua, Chrystal admitted to having had an extra-marital affair. 
Joshua also vigorously questioned Chrystal about the trustworthiness of her testimony, based on her
earlier efforts to divorce Joshua and gain custody of the couple's child. Joshua's theory was that
Chrystal could gain a tactical advantage in the custody suit if Joshua was sent to prison, suggesting
a malapropos motivation for her testimony. Chrystal also informed the trial court that Joshua had
recently violated their divorce court's temporary custody orders by not allowing the couple's daughter
to visit Chrystal. 

 Detective Vince Callahan of the Kilgore Police Department was the only witness, other than
Chrystal, to testify during the guilt/innocence phase of trial. Callahan was dispatched to the scene
of Joshua and Chrystal's argument by reports of a domestic disturbance. Callahan testified that he
observed a "slight redness" around Chrystal's neck and right calf when he arrived at the motel room. 
He did not notice any bleeding or bruising. The officer did, however, notice the room's doorknob
had been broken due to a forced entry. 

 Keeping in mind the applicable standards of review, we conclude that the witnesses provided
legally sufficient evidence to establish proof for each element of assault of a family member, as
defined by Section 22.01 of the Texas Penal Code. See Tex. Penal Code Ann. § 22.01 (Vernon
Supp. 2007). We also conclude the evidence in this case is factually sufficient to support the trial
court's judgment because the evidence supporting the conviction, when viewed in a neutral light, is
not greatly outweighed by contrary evidence nor does it appear that the trial court's judgment is
manifestly unjust. We therefore overrule Joshua's evidentiary sufficiency points of error.

(2) The Trial Court Did Consider Community Supervision As a Sentencing Option

 Joshua also contends the trial court erred by failing to consider placing him on community
supervision. The State asked the trial court to sentence Joshua to ten years' confinement. Joshua,
at best, made a tacit request to the trial court for community supervision, while also readily
acknowledging that he "certainly [was] not entitled to probation." 

 In pronouncing sentence, the trial court made clear that it was considering community
supervision:

Having found you guilty, I note that you've had two prior deferred adjudication
probations, both of which resulted in revocation. That's enough to tell me that
probation is not the answer in your case. You committed a crime that I take a dim
view of.


And at this time, I assess your punishment [at] five years' confinement in the
Institutional Division of the Texas Department of Criminal Justice, giving you credit
on that sentence for any time you've been in jail up to this point.


 The record shows the trial court did consider community supervision as a sentencing option,
but--after considering all the available options in light of the facts of this case (such as Joshua's past
failures to obey the orders of a criminal court)--chose not to grant such leniency. Joshua's
contention to the contrary is without merit.



(3) The Record Does Not Support Joshua's Claim of a Disproportionate Sentence

 Finally, Joshua contends his sentence is disproportionate to his crime. The United States
Supreme Court has suggested a three-pronged test for use in analyzing claims that a sentence is
disproportionate. The reviewing court should consider (1) the gravity of the offense compared with
the  harshness  of  the  penalty,  (2)  the  sentences  imposed  for  crimes  in  the  same  jurisdiction,
and (3) the sentences imposed for this (or substantially similar) crimes in other jurisdictions. Solem
v. Helm, 463 U.S. 277, 290 (1983); see also Harmelin v. Michigan, 501 U.S. 957 (1991) (Scalia, J.,
plurality op.); and see Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.--Texarkana 2003, no pet.);
Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.--Texarkana 2002, pet. ref'd). 

 In this case, there is no evidence in the record regarding either the second or third prongs of
the Solem analysis. Absent such evidence, we must conclude the record is insufficient to support
a complaint that Joshua's sentence is disproportionate. See, e.g., Guin v. State, 209 S.W.3d 682, 687
(Tex. App.--Texarkana 2006, no pet.); Mullins v. State, 208 S.W.3d 469, 470 (Tex.
App.--Texarkana 2006, no pet.); Alberto, 100 S.W.3d at 529; Fluellen, 71 S.W.3d at 873. We
overrule Joshua's final issue.






 For the reasons stated, we affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 25, 2008

Date Decided: April 28, 2008


Do Not Publish



1. Joshua admitted he had been previously convicted of assault in the form of family violence.