

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00156-CR
_____

JOSHUA CALEB HINES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 35529-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In early 2007, Joshua Caleb Hines and Chrystal Hines—married for approximately two and one-half years at the time—were staying at the Deluxe Inn (previously known as the Community Inn) in Kilgore when they began arguing in their motel room. When Joshua left the room, Chrystal locked the door behind him. On his return, Joshua kicked in the door, and the two resumed their argument, which (according to Chrystal) became physical. The only eyewitness to the argument to testify during the guilt/innocence phase of the trial was Chrystal.

Joshua waived his right to a jury trial and submitted to the trial court the issues of guilt/innocence and punishment on his charge of felony assault by family violence. The trial court found Joshua guilty and sentenced him to five years' confinement. The trial court did not grant community supervision. Joshua now appeals, raising several issues. We overrule each and affirm the trial court's judgment.

*(1)*     *Sufficient Evidence Supports the Trial Court's Judgment*

Joshua contends the evidence is legally and factually insufficient to support his conviction. In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). By contrast, the standard of review for factual sufficiency requires us to examine all the evidence in a neutral light, and we may reverse the lower court's judgment only if it is so

2

against the great weight and preponderance of the evidence or if the verdict otherwise appears to be manifestly unjust. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

A person commits the offense of assault if he or she "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2007). That offense is a class A misdemeanor, unless the victim is the defendant's spouse and the defendant has been previously and finally convicted of assaulting a family member, in which case the crime becomes a felony offense. TEX. PENAL CODE ANN. § 22.01(b)(2).[1]

Chrystal testified she and Joshua were married August 11, 2004, and were still married as of the date of trial. After Joshua returned to the couple's room by kicking in the door, the two resumed their argument. During the final stages of the argument, Joshua twice pushed Chrystal in her chest and demanded the return of the wedding ring he had given her. Joshua also attempted to bite Chrystal. The two ended up struggling on the bed. During the struggle, Joshua reportedly kicked Chrystal on her leg. Soon thereafter, the motel manager arrived and Chrystal called the Kilgore Police Department.

Chrystal further testified that, as a result of being assaulted, she developed a large bruise on one leg (lasting approximately three weeks), a smaller bruise on the other leg, and scratches on her neck. Chrystal also reportedly experienced bodily pain as a result of being assaulted by Joshua.

---

[1]Joshua admitted he had been previously convicted of assault in the form of family violence.

3

On cross-examination by Joshua, Chrystal admitted to having had an extra-marital affair. Joshua also vigorously questioned Chrystal about the trustworthiness of her testimony, based on her earlier efforts to divorce Joshua and gain custody of the couple's child. Joshua's theory was that Chrystal could gain a tactical advantage in the custody suit if Joshua was sent to prison, suggesting a malapropos motivation for her testimony. Chrystal also informed the trial court that Joshua had recently violated their divorce court's temporary custody orders by not allowing the couple's daughter to visit Chrystal.

Detective Vince Callahan of the Kilgore Police Department was the only witness, other than Chrystal, to testify during the guilt/innocence phase of trial. Callahan was dispatched to the scene of Joshua and Chrystal's argument by reports of a domestic disturbance. Callahan testified that he observed a "slight redness" around Chrystal's neck and right calf when he arrived at the motel room. He did not notice any bleeding or bruising. The officer did, however, notice the room's doorknob had been broken due to a forced entry.

Keeping in mind the applicable standards of review, we conclude that the witnesses provided legally sufficient evidence to establish proof for each element of assault of a family member, as defined by Section 22.01 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.01 (Vernon Supp. 2007). We also conclude the evidence in this case is factually sufficient to support the trial court's judgment because the evidence supporting the conviction, when viewed in a neutral light, is

not greatly outweighed by contrary evidence nor does it appear that the trial court's judgment is manifestly unjust. We therefore overrule Joshua's evidentiary sufficiency points of error.

*(2)     The Trial Court Did Consider Community Supervision As a Sentencing Option*

Joshua also contends the trial court erred by failing to consider placing him on community supervision. The State asked the trial court to sentence Joshua to ten years' confinement. Joshua, at best, made a tacit request to the trial court for community supervision, while also readily acknowledging that he "certainly [was] not entitled to probation."

In pronouncing sentence, the trial court made clear that it was considering community supervision:

> Having found you guilty, I note that you've had two prior deferred adjudication probations, both of which resulted in revocation. That's enough to tell me that probation is not the answer in your case. You committed a crime that I take a dim view of.

> And at this time, I assess your punishment [at] five years' confinement in the Institutional Division of the Texas Department of Criminal Justice, giving you credit on that sentence for any time you've been in jail up to this point.

The record shows the trial court did consider community supervision as a sentencing option, but—after considering all the available options in light of the facts of this case (such as Joshua's past failures to obey the orders of a criminal court)—chose not to grant such leniency. Joshua's contention to the contrary is without merit.

5

*(3)      The Record Does Not Support Joshua's Claim of a Disproportionate Sentence*

Finally, Joshua contends his sentence is disproportionate to his crime.  The United States Supreme Court has suggested a three-pronged test for use in analyzing claims that a sentence is disproportionate.  The reviewing court should consider (1) the gravity of the offense compared with the harshness of the penalty, (2) the sentences imposed for crimes in the same jurisdiction, and (3) the sentences imposed for this (or substantially similar) crimes in other jurisdictions.  *Solem v. Helm*, 463 U.S. 277, 290 (1983); *see also Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.); *and see Alberto v. State*, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.); *Fluellen v. State*, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd).

In this case, there is no evidence in the record regarding either the second or third prongs of the *Solem* analysis.  Absent such evidence, we must conclude the record is insufficient to support a complaint that Joshua's sentence is disproportionate.  *See, e.g.*, *Guin v. State*, 209 S.W.3d 682, 687 (Tex. App.—Texarkana 2006, no pet.); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Alberto*, 100 S.W.3d at 529; *Fluellen*, 71 S.W.3d at 873.  We overrule Joshua's final issue.

6

For the reasons stated, we affirm the judgment.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:        April 25, 2008
Date Decided:          April 28, 2008

Do Not Publish