NO









NO. 12-09-00268-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

KERRI LYNN LILES,

APPELLANT                                                     '     APPEAL
FROM THE 

 

V.                                                                         '     COUNTY
COURT AT LAW NO. 2 OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

Kerri
Lynn Liles appeals from her conviction for the offense of hindering
apprehension or prosecution.  In three issues, Appellant argues that the
sentence is disproportionate to the offense and that the trial court erred in
allowing a witness to testify without taking an oath and to act as advocate. 
We dismiss in part and affirm in part.  

 

Background

In
2008, Appellant pleaded guilty to the offense of hindering apprehension or
prosecution.[1] 
The trial court deferred adjudication of her guilt and placed her on deferred
adjudication community supervision for a period of two years.[2] 
In April 2009, the State filed a motion to adjudicate Appellant’s guilt,
asserting that she had violated the terms of her community supervision. 
Specifically, the State asserted that she consumed a dangerous drug and failed
to complete court ordered community service.  The court held a hearing in June
2009.  The court found Appellant in violation of the terms of her community
supervision, adjudicated her guilt, and placed her on community supervision
with enhanced supervision.  In July 2009, the State again filed to revoke
Appellant’s suspended sentence.  In this pleading, the State alleged that
Appellant consumed methamphetamine and amphetamine and failed to register for a
counseling program.[3]

Appellant
pleaded true to the allegations at a hearing.  Following the hearing, the trial
court assessed a sentence of confinement for one year.  This appeal followed.

Proportionality of  Sentence 

In
her first and second issues, Appellant contends that the sentence she received
is disproportionate to the offense and the violations of her community
supervision agreement both under the Texas and United States constitutions.[4]

Appellant
did not raise this issue in the trial court.  Therefore, this complaint is not
preserved for our review.  See Tex.
R. App. P. 33.1.  Constitutional rights, including the right to be free
from cruel and unusual punishment, may be waived.  See Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Mercado v. State,
718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc) (complaint regarding
sentencing must be raised in the trial court as a prerequisite to raising the
issue on appeal); Kim v. State, 283 S.W.3d 473, 475 (Tex. App.–Fort
Worth 2009, pet. ref’d) (complaint about disproportionate sentence must be
preserved by objection or in a motion for new trial); Robertson v. State,
245 S.W.3d 545, 549 (Tex. App.–Tyler 2007, pet. ref’d) (same); Nicholas
v. State, 56 S.W.3d 760, 768 (Tex. App.–Houston [14th Dist.] 2001, pet.
ref’d) (same).  Accordingly, Appellant presents nothing for our review.

Even
if Appellant had preserved this issue, we would be unable to review it. 
Appellant concedes that her one year sentence is within the statutory range for
a class A misdemeanor.[5] 
Therefore, any proportionality review would be for a grossly disproportionate
sentence, which would require this court to consider the gravity of the offense
and the harshness of the penalty, the sentences imposed on other offenders in
the same jurisdiction, and the sentences imposed for commission of the same
crime in other jurisdictions.  See Solem v. Helm, 463 U.S. 277,
292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983).

This
is an appeal of a sentencing hearing that followed the trial court’s revocation
of a suspended sentence.  Because there was no contemporaneous objection and
because the issue of the proportionality of the sentence was never litigated in
the trial court, there is no evidence in the appellate record concerning the
sentences assessed in similar cases.  Also, the appellate record contains few
details of the offense Appellant committed other than Appellant’s statements.[6]


The
sentence is not outside the statutory range for the offense.   Appellant did
not object to the proportionality of the sentence in the trial court, and so
Appellant has failed to preserve this issue for appellate review.  We overrule
Appellant’s first and second issues.

Testimony of Community Supervision Officer

In
her third issue, Appellant argues that the trial court erred by allowing a
community supervision officer to testify without having taken an oath. 
Appellant also suggests that the officer may have practiced law without a
license because she offered an opinion when the trial court asked the
“Government” for a recommendation.  

There
were two hearings at which the trial court found Appellant to be in violation
of the terms of her community supervision.  The first hearing was held in June
2009.  At that hearing, the trial court revoked Appellant’s deferred
adjudication community supervision, found her guilty, assessed a one year
suspended sentence, and placed her on community supervision.  The second
hearing was in July 2009.  At the July hearing, the trial court found Appellant
to be in violation of the terms of her community supervision and sentenced her
to one year in jail.[7]

Appellant’s
complaint is about the procedure at the first revocation hearing.  Appellant
had the right to appeal from that hearing.  See Tex. Code Crim. Proc. Ann. art. 44.12, §23(b) (Vernon Supp.
2009).  She did not file an appeal after that hearing.  This is an appeal filed
after the second hearing.  Because Appellant did not timely perfect an appeal
following the June hearing, we lack jurisdiction to consider this complaint
about that hearing.  See Tex. R.
App. P. 26.2(a)(1); Bailey v. State, 160 S.W.3d 11, 13
(Tex. Crim. App. 2004) (appeal from imposition of community supervision must be
taken brought within thirty days of imposition of community supervision).  We
dismiss Appellant’s third issue.

Disposition

Having
overruled Appellant’s first and second issues and dismissed her third issue, we
affirm the judgment of the trial court.

 

 

            

                                                                                                
BRIAN HOYLE     

                                                                                                             
Justice

Opinion delivered August 25, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
Tex. Penal Code Ann. § 38.05
(Vernon Supp. 2009).





[2]
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2009). 





[3]
The State alleged, but then abandoned, an allegation that Appellant had not
paid for a test. 





[4]
Citing Alberto v. State, 100 S.W.3d 528, 529–30 (Tex. App.–Texarkana
2003, no pet.), Appellant asserts that the rights protected by the U.S. and
Texas constitutions are coextensive.  





[5]
Appellant argues needlessly that the sentence imposed is disproportionate to
her violations of the community supervision agreement.  A suspended sentence
may be revoked for a violation of the terms of the community supervision order,
but the resulting sentence is assessed for the original criminal offense.  See,
e.g., Atchison v. State, 124 S.W.3d 755, 760 (Tex. App.–Austin
2003, pet. ref’d) (“Even if we were to perform a proportionality analysis, the
correct question would be whether the twenty-year sentence was warranted by the
crime for which appellant was convicted, and not whether it was warranted by
the supervisory violations proved at the adjudication hearing.”).





[6]
Appellant asserts that the presentence investigation report–which in some cases
contains information about the offense–is in the third volume of the clerk’s
record.  The presentence investigation report is not in the appellate record.





[7]
We note that Appellant complains that as a result of the input from the
community supervision officer, the amount of community service she was required
to do was adjusted from 80 hours to 200 hours, and she was assigned to
intensive supervision.  She was also to enroll in counseling, to complete a
substance abuse questionnaire, and to handwrite, twenty-five times a day, a
short verse taken from the Bible.  The primary focus of the revocation of her
community supervision at the second hearing was her use of methamphetamine,
which she admitted.  The use of controlled substances was forbidden under both
of her community supervision agreements.