In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00201-CR
______________________________


DERRICK VONSHAE DAVIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30657-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            The trial court convicted Derrick Vonshae Davis, on his plea of guilty in open court, of
stalking. There was no negotiated plea agreement. The stipulation of evidence, police report, and
two reports of estimates of damage to the victim's vehicle were introduced into evidence. After
hearing recommendations from both sides, the trial court sentenced Davis to eight years'
imprisonment. Davis appeals, alleging that eight years was a disproportionate punishment and that
the trial court abused its discretion in failing to place him on community supervision. We affirm the
judgment of the trial court.
            In his first point of error, Davis argues that his sentence is grossly disproportionate when
considered in the context of the mitigating factors presented to the trial court. At the time of the
plea, Davis was only twenty-two years old. No evidence of final prior convictions was presented to
the trial court. Further, the only recommendation made by the State is that Davis would not be put
on community supervision. Davis argues that, when one considers the mitigating factors, a sentence
of eight years is grossly disproportionate. We disagree.
            Stalking under Section 42.072 of the Texas Penal Code is a third-degree felony. Tex. Pen.
Code Ann. § 42.072(b) (Vernon 2003). The punishment range for a third-degree felony is
imprisonment for "not more than 10 years or less than 2 years." Tex. Pen. Code Ann. § 12.34(a)
(Vernon 2003). Davis' sentence is within the statutory range of punishment for the offense of
stalking.
            Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Samuel v. State,
477 S.W.2d 611, 614 (Tex. Crim. App. 1972). However, in 1983, the United States Supreme Court
in Solem v. Helm, 463 U.S. 277, 292 (1983), held the Eighth Amendment prohibits sentences that
are disproportionate to the crime committed. The Court in Solem provided a test which required a
court's proportionality analysis to be guided by objective criteria, including (1) the gravity of the
offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same
jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.
See Solem, 463 U.S. at 292.
            In 1991, the United States Supreme Court in Harmelin v. Michigan, 501 U.S. 957 (1991),
again addressed the proportionality analysis. As this Court noted in Davis v. State, 905 S.W.2d 655,
664–65 (Tex. App.—Texarkana 1995, pet. ref'd), Harmelin modified the Solem test. Although five
of the justices in Harmelin rejected the Solem test, seven of the justices still supported an Eighth
Amendment prohibition against grossly disproportionate sentences. Id. at 665. 
            In Jackson, we clarified the proportionality analysis as modified by Harmelin. See Jackson
v. State, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.). We recognized that, under
the United States and Texas Constitutions, 1) a prohibition against "grossly disproportionate"
sentences survives independently of legislative punishment ranges, and 2) a modified Solem analysis
applies. Id. at 846. Under the Solem proportionality analysis as modified by Harmelin, we initially
make a threshold comparison of the gravity of the offense against the severity of the sentence, and
then consider whether the sentence is grossly disproportionate to the offense. Id. at 846; see
Harmelin, 501 U.S. at 1005 (Kennedy, J., concurring). Only if we find that the sentence is grossly
disproportionate to the offense will we then consider the remaining factors of the Solem test and
compare the sentence received to sentences for similar crimes in the same jurisdiction and to
sentences for the same crime in other jurisdictions. Jackson, 989 S.W.2d at 846; see Harmelin, 501
U.S. at 1005; see also Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.);
Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd); Latham v. State, 20
S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd).
            We cannot say that the gravity of the offense is grossly disproportionate to the severity of the
sentence. The police report indicates Davis had extensively harassed the victim, Melody Allred. 
Allred and Davis had previously had an intimate dating relationship involving cohabitation. Allred
eventually ended their relationship. Allred alleged several instances of assault, property damage, and
telephone harassment. In the stipulation of evidence, Davis admitted he threatened Allred with
bodily injury or death by telling her "[he] was going to disassemble her body parts and that it would
be a bloody massacre." Given the details of the offense, we cannot say the severity of the sentence
was grossly disproportionate to the gravity of the crime.
            Further, there is no evidence in the record comparing the sentence with the sentences
imposed against other defendants in this or other jurisdictions who committed a similar offense. See
Fluellen, 71 S.W.3d at 873; Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664–65. For the
reasons stated, we overrule the first point of error.
            In his second point of error, Davis argues the trial court abused its discretion in not granting
community supervision. The record indicates that a prior prosecutor had indicated he would
recommend community supervision in this case, but the current prosecutor recommended against
community supervision. There was no negotiated plea agreement in the case. 
            A trial court's arbitrary refusal to consider the entire range of punishment available for the
offense does constitute a denial of due process. McClenan v. State, 661 S.W.2d 108, 110 (Tex.
Crim. App. 1983); East v. State, 71 S.W.3d 774, 776–77 (Tex. App.—Texarkana 2002, no pet.). 
The trial court acknowledged on the record that it would consider Davis' application for community
supervision. We do not find that the trial court arbitrarily refused to consider the full range of
punishment in this case.
            We affirm the judgment of the trial court.
 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          December 12, 2003
Date Decided:             December 18, 2003

Publish