In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00124-CR
______________________________


SHAWN MARCUS CUMMINGS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30959-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            After pleading guilty without the benefit of a negotiated plea agreement, the trial court found
Shawn Marcus Cummings guilty of stealing over $20,000.00 worth of compact disks and other
merchandise from the Lifeway Christian Store in Longview, Texas, and the court sentenced
Cummings to seven years' imprisonment. Cummings now appeals the trial court's judgment, arguing
that the trial court erred in failing to admonish Cummings concerning deferred adjudication
community supervision and thereby precluded consideration of all available sentencing options. We
affirm.
I. Factual and Procedural Background
            On May 21, 2004, Cummings waived a jury trial and pled guilty to the offense of theft of
property valued at greater than $20,000.00 but less than $100,000.00. See Tex. Pen. Code Ann.
§ 31.03 (Vernon Supp. 2004–2005). That offense is a third-degree felony. See Tex. Pen. Code
Ann. § 31.03(e)(5). The punishment range for a third-degree felony is imprisonment for not less
than two years nor more than ten years. Tex. Pen. Code Ann. § 12.34 (Vernon 2003). The
applicable punishment also includes a fine of up to $10,000.00. Id. 
            In connection with his guilty plea, Cummings signed several documents, including an
application for probation


 and a series of written admonishments regarding his guilty plea. The
admonishments included an explanation that, by pleading guilty, Cummings would be waiving his
right for ten days' trial preparation time, waiving his right to a reading of the indictment, and waiving
his right to confront and cross-examine the State's witnesses. The group of documents signed by
Cummings also include a stipulation of evidence that appears to track the indictment. Among these
documents, however, there is no written admonishment concerning the possibility of the trial court
deferring a finding of guilt and placing Cummings on community supervision. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 5 (Vernon Supp. 2004–2005).
            Before accepting Cummings' guilty plea, the trial court orally reviewed its standard
admonishments concerning the guilty plea by advising Cummings of the specific charge, and
determining that he understood the indictment. The court then further advised Cummings:
THE COURT: Are you telling me that you fully understand, you fully
comprehend the exact nature of the accusation brought against you by the
indictment?
 
[Cummings]: Yes, I do, your Honor.
 
THE COURT: How do you plead to this indictment?
 
[Cummings]: I'm pleading guilty, your Honor.
 
THE COURT: Upon your plea of guilty I must find you guilty. I cannot find
you not guilty if you plead guilty; do you understand that?
 
[Cummings]: Yes, I do, your Honor.
 
THE COURT: Once I make a finding of guilt, the law requires that I assess
your punishment to confinement in the Institutional Division of the Texas
Department of Criminal Justice, that's the state penitentiary, for a period of not less
than two years, no more than ten years.
In addition to any period of confinement, I may impose a fine up to $10,000. 
You understand that is the range of punishment fixed by law for this type of offense?
 
[Cummings]: Yes, I do. 
 
. . . .
 
THE COURT: Okay. You have the right to file an application for a probated
sentence. I note that you've done that. I tell you that you having filed that
application, the law requires, and I will, in fact, consider it, but I'm under no duty, no
obligation, no commitment to anyone to grant probation in this matter; do you
understand that?
 
[Cummings]: Yes, I do, your Honor.
 
THE COURT: If probation is granted, I get to set its terms and conditions,
including its length, which may be as little as two years, may be as many as ten years.
Also, if I grant probation, and I don't know whether I am or not, I could
impose a special condition that you serve what we call some up-front time in the
county jail, up to 90 days -- well, up to 180 days in the county jail.
Do you understand the Court sets the terms and conditions of probation if
probation is granted?
 
[Cummings]: Yes, I do, your Honor.

The court then explained the procedure in the event Cummings was charged with a violation of
community supervision conditions, accepted a judicial confession of guilt, and determined that the
plea was freely and voluntarily entered. Cummings reiterated his plea of guilty.
II.       Failure To Consider the Full Range of Punishment
            In his only point of error, Cummings contends that the trial court erred by failing to admonish
him regarding the possibility of receiving deferred adjudication and that this omission ostensibly
caused the trial court to fail to consider the full range of punishment. Cummings then contends he
suffered harm because the trial court found him guilty without first giving both the State and
Cummings the opportunity to recommend deferring a finding of guilt. 
            Article 26.13 of the Texas Code of Criminal Procedure requires the trial court to advise a
defendant of the range of punishment attached to the offense, but does not specifically require the
court to admonish the defendant concerning the possibility of deferred adjudication. Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2004–2005). An admonishment concerning the possible
consequences of deferred adjudication is required only "[a]fter placing the defendant on community
supervision . . . ." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a). Deferred adjudication is a form
of community supervision,


 and it is not necessary for a trial court to explain all possible forms or
conditions or community supervision in order to properly admonish a defendant in accordance with
Article 26.13. 
            Here, the trial court clearly admonished Cummings as to the range of punishment,
acknowledged Cummings had filed an application for community supervision, stated it would
consider the application, informed Cummings that, if community supervision was granted, then the
court would set the conditions, and informed Cummings of the consequences of violation of
community supervision conditions. However, in this case, Cummings' complaint is that the trial
court effectively refused to consider deferred adjudication probation, as evidenced by its comments. 
            As can be read from the text of the trial court's admonishments, the trial court did not discuss
the possibility of deferring a finding of guilt and placing Cummings on community supervision. 
Even if that omission was erroneous, Cummings did not object nor raise the issue in his motion for
new trial, which was overruled by operation of law seventy-five days after the trial court imposed
Cummings' sentence. See Tex. R. App. P. 21.8(a), (c).
As a prerequisite to presenting a complaint for appellate review, the record must
show that: 
(1)the complaint was made to the trial court by a timely request,
objection, or motion that:
(A)stated the grounds for the ruling that the complaining
party sought from the trial court with sufficient specificity to make
the trial court aware of the complaint, unless the specific grounds
were apparent from the context; and 
(B)complied with the requirements of the Texas Rules of
Civil or Criminal Evidence or the Texas Rules of Civil or Appellate
Procedure; and 
(2)the trial court:
(A)ruled on the request, objection, or motion, either
expressly or implicitly; or
(B)refused to rule on the request, objection or motion, and
the complaining party objected to the refusal.

Tex. R. App. P. 33.1(a). 
            In Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd),


 this Court
explained that a trial court "denies due process and due course of law if it arbitrarily refuses to
consider the entire range of punishment for an offense or refuses to consider the evidence and
imposes a predetermined punishment." (citing Granados v. State, 85 S.W.3d 217 (Tex. Crim. App.
2002); Johnson v. State, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998)). However, in Teixeira, we
also emphasized for one to preserve a complaint for appeal that the trial court failed to consider the
full range of punishment, the error, if any, must be raised to the trial court. Id. In Teixeira, the
appellant failed to raise the alleged error at the trial court level and thereby waived the error for
purposes of appellate review. Similarly, in this case, Cummings did not object during the trial court's
admonishment colloquy with Cummings, nor did he object at the time the trial court stated, "Based
upon your plea of guilty, and based upon the evidence offered in connection with that plea and
beyond a reasonable doubt, I find you [Cummings] guilty of theft of property of the value of $20,000
or more but less than $100,000 as charged in the indictment." And, again, when the trial court asked
whether there was "[a]ny reason in law [why] this sentence should not now be formally pronounced,"
Cummings' counsel responded, "Not at this time, your Honor." The objection raised on appeal was
not, therefore, raised before the trial court and was thereby waived. Cf. Teixeira, 89 S.W.3d at 192;
Washington v. State, 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.).
            Moreover, as is clear from the plea colloquy between Cummings and the trial court, the trial
court did give consideration to the possibility of granting community supervision in this case. 
Ultimately, though, the trial court decided that the facts of the case did not merit such leniency. 
After discussing the facts presented in this case, the court stated, "But I'm not granting probation
under these facts and for the person that stands before this bench." Accordingly, even had
Cummings' point of error been preserved for appellate review, the record before us refutes the
contention that the trial court arbitrarily failed to consider the full range of punishment. Cf. Davis
v. State, 125 S.W.3d 734, 736 (Tex. App.—Texarkana 2003, no pet.) (trial court acknowledged on
record it would consider accused's application for community supervision).
            For the foregoing reasons, we affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          February 22, 2005
Date Decided:             March 23, 2005

Publish