In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00046-CR
______________________________


HUBERT LEON JEFFERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 276th Judicial District Court
Camp County, Texas
Trial Court No. CF-04-047


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Hubert Leon Jefferson appeals his conviction for delivery of cocaine in an amount
greater than four grams but less than 200 grams. See Tex. Health & Safety Code Ann.
§ 481.112(d) (Vernon 2003).


 The trial court sentenced Jefferson in accordance with the
jury's assessment of eighty years' imprisonment and a $5,000.00 fine. On appeal,
Jefferson contends the trial court erred by sustaining the State's objection to Jefferson's
closing argument on punishment as being outside the scope of the evidence. We affirm.
          At issue on appeal is the following portion of Jefferson's closing argument:
          Now, the bad thing about jury sentencing in Texas, at least with regard
to first degree felonies, and we talked about this, you know, at voir dire, is
that there's such a wide range of punishment on first degree felonies. It's
just the sky is the limit almost. You've got five down here and you've got life
up here. So it's a very wide range of punishment. And, you know, there's a
-- I guess the good thing about that is y'all good people get to decide based
on the evidence and the circumstances that you've heard where we should
fall within that huge range. No one tells you that it has to be here or here or
here or here. Y'all get to decide that based on what you feel is fair and right
under the circumstances.
 
          And let me point out to you that we've got a lot of first degree felonies
in Texas, and I want you to use common sense when you go back in that jury
room. I don't want you to go back there -- it's not proper for you to go back
there and rule based on some knee-jerk reaction or some emotional
response. You are to analyze. You are to analyze the evidence that you've
heard, analyze the situation, and decide what's right and what is fair. You
know, murder is a first degree felony in Texas.
 
          MR. BAILEY: Objection, Your Honor. That's outside the scope of the
evidence. It's not a proper consideration for the jury.
 
          THE COURT: It's sustained.
 
          First, the State contends Jefferson failed to preserve any alleged error by neither
objecting to the trial court's ruling or offering into the record what he would have argued
had the trial court not limited his argument. In the context of oral argument, a party
generally need not object to a trial court's action in sustaining an objection made by the
opposing party in order to preserve error. In this case, to preserve error, Jefferson was not
required to object to the trial court's sustaining of the State's objection to his argument. 
However, as articulated on appeal, his complaint is not that the trial court erred by merely
sustaining the State's objection, but that, by so ruling, the court erred "in limiting the scope
of Appellant's jury argument . . . ." Jefferson elaborates in his brief by explaining that
"[c]ounsel was attempting to argue that the jury should consider the type of offenses
involved, especially compared to other types of offenses, within the common knowledge
of Texas jurors, which carry similar punishment ranges." As so articulated, the State is
correct: Jefferson failed to preserve error by failing to offer into the record what he would
have argued had the trial court not sustained the State's objection. See Dean v. State, 481
S.W.2d 903, 904 (Tex. Crim. App. 1972); Davis v. State, No. 2-02-497-CR, 2004 Tex. App.
LEXIS 3815, at *19 & n.36 (Tex. App.—Fort Worth Apr. 29, 2004, no pet.) (mem. op.) (not
designated for publication). 
          Jefferson further states in his brief that "[d]isproportionate sentencing violates the
Texas Constitution and case law," citing Craner v. State, 778 S.W.2d 144 (Tex.
App.—Texarkana 1989, no pet.). He again asserts that his trial strategy was "to recite
other first degree offenses, which would be familiar to and within the common
understanding of the average juror, in order to provide [the] jury with all relevant
information on which it should base its decision."  
          We presume, then, that Jefferson's purpose in making the oral argument he now
says he was precluded from making, was to dissuade the jury from assessing an
unconstitutionally disproportionate sentence. However, this was not a matter for the jury's
consideration. It was the jury's sworn duty to assess a punishment within the range
prescribed by law that it considered appropriate to the facts and circumstances as shown
by the admissible evidence in that particular case. It would then be the trial court's initial
responsibility to decide, pursuant to a timely filed post-judgment motion, if the punishment
assessed was unconstitutionally disproportionate, based on evidence comparing the
sentence imposed against other defendants in that or other jurisdictions who committed
a similar offense. Davis v. State, 125 S.W.3d 734, 736 (Tex. App.—Texarkana 2003, no
pet.); Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.);
Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd). 
          Even if this had been a proper consideration for the jury, the only evidence
presented to the jury of other crimes and punishments was that evidence which concerned
Jefferson's two prior convictions for delivering cocaine and the thirty years' imprisonment
he received in each case. There is no evidence in the record of other first degree felony
crimes and what other punishments have been imposed.
          This Court has consistently held that, for a claim of disproportionate sentencing to
be cognizable, there must be some evidence in the record comparing the sentence
imposed against other defendants in this or other jurisdictions who committed a similar
offense. Davis, 125 S.W.3d at 736; Alberto, 100 S.W.3d at 530; Fluellen, 71 S.W.3d at
873. In the absence of such evidence, Jefferson's disproportionate sentencing argument
fails.
          The State was correct in its objection to Jefferson's oral argument; such argument
was "outside the scope of the evidence," and it was "not a proper consideration for the
jury." The trial court did not err in sustaining the objection. Accordingly, Jefferson's sole
point of error is overruled.
 

          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      October 21, 2005
Date Decided:         October 24, 2005

Do Not Publish