IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0194-05






BOBBY GLENN BARROW, Appellant



v.



THE STATE OF TEXAS, Appellee
 




ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


ELLIS COUNTY






 Price, J., delivered the opinion of the Court, in which Keller, P.J., and
Womack, Johnson, Keasler, hervey, Holcomb, and Cochran, JJ., joined. Meyers,
J., filed a dissenting opinion. 


O P I N I O N 



 We granted the appellant's petition for discretionary review to decide whether, under
Apprendi v. New Jersey and its progeny, (1) the trial court's decision to cumulate his sentences
violated his right to have the jury assess the facts that affect the maximum range of
punishment. We also granted review of appellant's claim that the judicial decision whether
to cumulate is so arbitrary as to violate due process. Finding no constitutional infirmity, we
affirm. 

 Facts and Procedural History


 The appellant was charged with two counts of sexual assault of a child, arising from
the same incident, involving a fifteen-year-old victim. The jury assessed punishment at
fifteen years' imprisonment for count one and twenty years imprisonment for count two. The
trial court ordered the sentences to run consecutively. On appeal to the Tenth Court of
Appeals, the appellant claimed that, because he elected to have the jury assess punishment,
the trial judge's decision to cumulate was a violation of his constitutional right to a jury trial
and his constitutional right to due process.

 In an unpublished opinion, the court of appeals explained that Texas Penal Code
Section 3.03 provides that when an accused is found guilty of more than one offense arising
from the same criminal incident, and the offenses are violations of Section 22.011 of the
Penal Code, committed against a victim younger than 17 years old, the sentences may run
either consecutively or concurrently. (2) In response to the appellant's argument that this
section does not designate who makes the decision to run the sentences consecutively, rather
than concurrently, the court of appeals responded that Article 42.08 of the Code of Criminal
Procedure vests discretion in the trial court to order concurrent or consecutive sentences. (3) 
Finally, the court of appeals observed that this Court has previously upheld the
constitutionality of Article 42.08 in Johnson v. State (4) and Hammond v. State, (5) and summarily
overruled the appellant's claims. (6)

 We granted the appellant's petition to examine his claim that the court of appeals
erred in overruling his fifth and sixth points of error, because the trial court erroneously
cumulated his sentences in violation of his constitutional rights to a jury trial and due
process, respectively. He argues that case law to the contrary should be overruled, especially
in light of the recent line of opinions by the United States Supreme Court beginning with 
Apprendi.

Apprendi Claim


 The appellant first claims that because he elected to have the jury decide his
punishment, and not the judge, his constitutional right to a jury trial was violated when the
judge took it upon himself to cumulate his sentences. He argues that Apprendi and its
progeny support the proposition that it is a violation of a defendant's Sixth Amendment right
to a jury trial and his Fourteenth Amendment right to due process for the trial judge, rather
than the jury, to make the decision whether to cumulate his sentences when he is convicted
of two crimes arising from the same episode. We disagree that the Apprendi line of cases has
any bearing in this context.

 The Supreme Court determined in Apprendi v. New Jersey that "[o]ther than the fact
of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed
statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (7) 
As Justice Scalia later explained for the Supreme Court in Blakely v. Washington, the
statutory maximum in this context means the "maximum sentence a judge may impose solely
on the basis of the facts reflected in the jury verdict or admitted by the defendant." (8) Thus,
the Apprendi line of cases requires that, in any case in which the defendant has elected to
exercise his Sixth Amendment right to a jury trial, any discrete finding of fact that has the
effect of increasing the maximum punishment that can be assessed must be made by the jury,
even if that fact-finding occurs as part of the punishment determination.

 The appellant relies on this determination by Apprendi and its progeny that a sentence
cannot be greater than that authorized by the jury's fact-finding. But these cases hold that
a trial court is prohibited from unilaterally increasing individual sentences on the basis of
facts that were not resolved by the jury. Thus, Apprendi and its progeny clearly deal with the
upper-end extension of individual sentences, when that extension is contingent upon findings
of fact that were never submitted to the jury. These decisions do not, however, speak to a
trial court's authority to cumulate sentences when that authority is provided by statute and
is not based upon discrete fact-finding, but is wholly discretionary. 

 In the case before us, the appellant was convicted on two separate counts of sexual
assault. A valid sentence within the statutorily prescribed range was imposed as to each
conviction, based solely upon the jury's verdict. Each sentence reflected the facts found by
the jury as to that individual count. The trial judge in no way altered either of the individual
sentences. He imposed a sentence that reflected the findings of the jury, and each sentence
was within the "statutory maximum," as authorized by their verdict of guilty, without any
need for further fact-finding. The decision to cumulate the two sentences did not raise the
"statutory maximum" punishment for either offense.

 The decision of what particular punishment to assess within the statutorily prescribed
range for a given offense is a normative, discretionary function. (9) It can be made by jury or
judge, at the defendant's election. (10) The decision whether to cumulate sentences is likewise
a normative, discretionary function that does not turn on discrete findings of fact. It is well
established that the constitutional right to a jury trial does not encompass the right to have
the jury assess punishment. (11) Texas is one of the few states that allow defendants the
privilege, by statute, of opting for jury assessment of punishment. (12) Even so, it is left to the
trial court to determine whether multiple sentences will run consecutively or concurrently. 
As the court of appeals pointed out, the Texas Legislature has assigned the decision to
cumulate, vel non, in Section 3.03 of the Penal Code and Article 42.08 of the Code of
Criminal Procedure, to the trial court. It is also clear from these provisions that the decision
whether to cumulate does not turn on any discrete or particular findings of fact on the judge's
part. Instead, cumulating is purely a normative decision, much like the decision of what
particular sentence to impose within the range of punishment authorized by the jury's verdict. 
 As such, it does not infringe upon the Sixth Amendment guarantee of a jury trial. (13) We hold
that placing the decision whether to run multiple sentences concurrently or consecutively
with the trial court instead of the jury does not violate the Sixth Amendment right to a jury
trial.

 The Apprendi line of cases also requires that any fact finding that increases the
"statutory maximum" punishment be made to a level of confidence "beyond a reasonable
doubt." (14) We have already concluded that, because cumulating individual sentences does not
implicate discrete fact finding that affects the "statutory maximum" punishment, it does not
activate the Sixth Amendment right to a jury determination. We likewise conclude that
because there is no discrete fact for the trial court to find, beyond a reasonable doubt or
otherwise, in exercising his discretion to decide whether to cumulate sentences, the appellant
has not suffered a violation of due process.

Due Process


 The appellant also complains that the decision by the trial court to cumulate his
sentences is a violation of due process because it is essentially arbitrary, there being no
definite or concrete criteria that govern the decision to cumulate. It is so arbitrary, he asserts,
that the trial court is exercising "statutorily authorized judicial despotism." (15) The appellant
asks us to overrule Johnson and Hammond, complaining of the summary nature of our
holdings in those cases. We decline to overrule them, but we endeavor now to explain in
more depth why the discretionary decision whether to cumulate individual sentences no more
violates due process than does the decision, by judge or jury, of what particular sentence to
impose within the statutorily prescribed range of punishment.

 As we have already noted, aside from a few specific instances where the range of
punishment depends upon the determination of discrete facts, (16) "[d]eciding what punishment
to assess is a normative process, not intrinsically factbound." (17) Indeed, we have described
the jury's discretion to impose any punishment within the prescribed range as essentially
"unfettered." (18) Subject only to a very limited, "exceedingly rare," and somewhat amorphous
Eighth Amendment gross-disproportionality review, (19) a punishment that falls within the
legislatively prescribed range, and that is based upon the jury's (or trial court's, in a bench
trial) informed normative judgment, is unassailable on appeal. The same thing is true for the
discretionary decision whether to cumulate sentences. The Legislature was not required to
provide the option to cumulate sentences at all. That the Legislature did so provide, but then
reserved the cumulation aspect of punishment for the judge rather than the jury, does not
change its essentially normative, non-fact-bound character.

 The discretionary assessment of punishment within legislatively prescribed boundaries
has long been ingrained and accepted in American jurisprudence. In United States v. Booker,
the Supreme Court observed that it has "never doubted the authority of a judge to exercise
broad discretion in imposing a sentence within a statutory range." (20) Further, the Court went
on to say, "when a trial judge exercises his discretion to select a specific sentence within a
defined range, the defendant has no right to a jury determination of the facts that the judge
deems relevant." (21) We do not believe that the legislatively endowed, normative decision
whether to cumulate sentences exceeds that level of discretion that the Supreme Court has
always recognized as consistent with due process. The Legislature has charged the trial court
with the determination of whether to cumulate, and the trial court is free to make this
determination so long as the individual sentences are not elevated beyond their respective
statutory maximums. 

 Conclusion


The judgment of the court of appeals is affirmed.


Delivered: November 15, 2006

Publish.
1. 530 U.S. 466 (2000). See also Ring v. Arizona, 536 U.S. 584 (2002); Blakely v. Washington,
542 U.S. 296 (2004).
2. Tex. Pen. Code §§ 3.03, 22.011.
3. Tex. Code Crim. Proc. art. 42.08.
4. 

 492 S.W.2d 505, 506 (Tex. Crim. App. 1973).
5. 

 465 S.W.2d 748, 752 (Tex. Crim. App. 1971).
6. 

 Barrow v. State, 2004 Tex. App. LEXIS 11784 (Tex. App. 2004).

7. 

 530 U.S. at 490.
8. 

 542 U.S. at 303 ("In other words," Justice Scalia says, "the relevant 'statutory maximum'
is not the maximum sentence a judge may impose after finding additional facts, but the maximum
he may impose without any additional findings"); see also Ring v. Arizona, supra, at 602 ("the
maximum he would receive if punished according to the facts reflected in the jury verdict alone"
(quoting Apprendi, supra, at 483)).
9. Sunbury v. State, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002); Mendiola v. State, 21 S.W.3d
282, 285 (Tex. Crim. App. 2000); Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999);
Miller-El v. State, 782 S.W.2d 892, 895-6 (Tex. Crim. App. 1990); Murphy v. State, 777 S.W.2d 44,
63 (Tex. Crim. App. 1988) (plurality opinion on State's motion for rehearing).
10. Tex. Code Crim. Proc. art. 37.07, § 2(b)(2).
11. 

 Tinney v. State, 578 S.W.2d 137, 138 (Tex. Crim. App. 1979); Martin v. State, 452 S.W.2d
481 (Tex. Crim. App. 1970); Johnson v. State, 436 S.W.2d 906 (Tex. Crim. App. 1968); Jones v.
State, 416 S.W.2d 412 (Tex. Crim. App. 1967).
12. See 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 38.12, at 656 (2d ed. 2001) ("In most American jurisdictions, a criminal trial is
naturally bifurcated because the jury has no role in fixing the punishment of one convicted of a
criminal offense. If the jury finds the defendant guilty, it is discharged. The trial judge then decides
upon punishment, within the limits fixed by statute.")
13. See United States v. Fifield, 432 F.3d 1056, 1066-67 (9th Cir. 2005) (Apprendi right to jury
finding is not implicated in decision whether to cumulate sentences because that decision is
discretionary, not fact-bound).
14. 530 U.S. at 490.
15. The appellant goes to great pains to define the term "despot." Webster's New World
College Dictionary 374 (3d ed. 1997) defines a "despot" as "
2 an absolute ruler; king with
unlimited power; autocrat." But a judge does not exercise "unlimited" power when he makes a
decision, as an elected official, based on a statute authorized by the people of Texas through their
duly elected representatives in the Legislature. As we have previously discussed, the legislature has
actually provided more protection than even the Sixth Amendment guarantees by allowing jury
assessment of punishment. In states that do not provide for jury-assessed punishment, the entire
punishment process is reserved as a judicial function.
16. See Murphy v. State, supra, at 62-63, n. 10.
17. See note 9, ante.
18. Miller-El v. State, supra, at 895.
19. See Lockyer v. Andrade, 538 U.S. 63, 72 (2003) (that a "gross-disproportionality" principle
applies to sentences of terms of years under the Eighth Amendment is "clearly established" federal
law, but Supreme Court case law on the subject "exhibit[s] a lack of clarity regarding what factors
may indicate gross disproportionality."). See also, e.g., Thomas v. State, 916 S.W.2d 578 (Tex.
App.-- San Antonio 1996, no pet.); Johns v. State, 80 S.W.3d 631 (Tex. App.--Tyler 2002, no pet.);
Davis v. State, 125 S.W.3d 734 (Tex. App.--Texarkana 2003, no pet.).
20. 

 543 U.S. 220, 233 (2005) (citing generally, Apprendi, 530 U.S., at 481; Williams v. New
York, 337 U.S. 241, 246 (1949)). In Williams the Supreme Court had observed that, "both before
and since the American colonies became a nation, courts in this country and in England practiced
a policy under which a sentencing judge could exercise a wide discretion in the sources and types
of evidence used to assist him in determining the kind and extent of punishment to be imposed
within limits fixed by law." 337 U.S. at 246.
21. Id.