

NUMBER 13-07-00468-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

ANGEL RUSCELLI STROBL,                                            Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

---

On appeal from the 156th District Court
of Bee County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant, Angel Ruscelli Strobl, pleaded guilty to delivery of a controlled substance, methadone, a first degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon 2003). The trial court placed appellant on deferred adjudication community supervision for a term of ten years. Upon the State's motion, the trial court revoked

appellant's community supervision, adjudicated her guilty, and sentenced her to twenty years' imprisonment in the Texas Department of Criminal Justice-Institutional Division. By one issue, appellant contends the sentence imposed is unconstitutional. We affirm.

## I. BACKGROUND

While appellant was serving a ten-year period of deferred adjudication community supervision, the State filed a motion to revoke alleging that appellant had violated the terms of her community supervision by delivering cocaine on three occasions. Finding the State's allegations to be true, the trial court adjudicated appellant guilty and sentenced her to a term of twenty years' confinement in the Texas Department of Criminal Justice-Institutional Division. This appeal ensued.

## II. CHALLENGE TO PUNISHMENT

By her sole issue, appellant contends that the sentence imposed by the trial court violated the Eighth and Fourteenth Amendments of the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. Specifically, appellant argues that the sentence was cruel and unusual because the State and appellant requested a twelve-year sentence, and yet the trial court sentenced her to twenty years in prison.[1]

The State claims that appellant's issue has not been properly preserved for appellate review. An appellant must present to the trial court a timely, specific objection and obtain an adverse ruling in order to preserve complaints concerning cruel and unusual punishment and violation of due process rights. *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.–Corpus Christi 2005, pet. ref'd) (providing that "by failing to object to the trial

---

[1] To the extent appellant may be asserting that the sentence imposed is disproportionate to the offense, appellant has waived that argument on appeal because she neither cites to authority nor supports the assertion with a clear and concise argument. *See* TEX. R. APP. P. 38.1(h).

2

court's sentence below, [the appellant] forfeited his complaint" that his punishment was cruel and unusual); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd) ("Our law is well-established that almost every right, constitutional and statutory, may be waived by the failure to object."); *see* TEX. R. APP. P. 33.1(a)(1)(A); *Schneider v. State*, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983) (en banc) (finding that by not objecting to the trial court, appellant had not preserved for review his complaint that the sentence was void because it inflicted cruel and unusual punishment). Here, appellant did not raise any objection to the sentence imposed by the trial court and, thus, did not preserve the issue for appeal. *See Trevino*, 174 S.W.3d at 927-28; *Quintana*, 777 S.W.2d at 479.

Nonetheless, even had this issue been preserved, we would conclude that the sentence imposed was not cruel and unusual. The punishment assessed is not cruel and unusual within the constitutional prohibition as long as it is within the range prescribed by the statute. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Davis v. State*, 125 S.W.3d 734, 735 (Tex. App.–Texarkana 2003, no pet.); *see Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006) ("[A] punishment that falls within the legislatively prescribed range, and that is based upon the jury's (or trial court's, in a bench trial) informed normative judgment, is unassailable on appeal."). A person "adjudged guilty of a felony of the first degree shall be punished by imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years." TEX. PENAL CODE ANN. § 12.32 (Vernon 2003). No error is shown in this case because the punishment assessed by the trial court was well within the range of punishment for a first degree felony. *See id.*; *Samuel*, 477 S.W.2d at 614; *Davis*, 125 S.W.3d at 735; *see also Barrow*, 207

3

S.W.3d at 381. Thus, the sentence was not cruel and unusual. *See Samuel*, 477 S.W.2d at 614; *Davis*, 125 S.W.3d at 735. We overrule appellant's sole issue.

### III. Conclusion

We affirm.

_____

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 3rd day of July, 2008.