NUMBER 13-07-00468-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ANGEL RUSCELLI STROBL, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 156th District Court 

of Bee County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Angel Ruscelli Strobl, pleaded guilty to delivery of a controlled substance,
methadone, a first degree felony. See Tex. Health & Safety Code Ann. § 481.112(d)
(Vernon 2003). The trial court placed appellant on deferred adjudication community
supervision for a term of ten years. Upon the State's motion, the trial court revoked
appellant's community supervision, adjudicated her guilty, and sentenced her to twenty
years' imprisonment in the Texas Department of Criminal Justice-Institutional Division. By
one issue, appellant contends the sentence imposed is unconstitutional. We affirm.

I. Background

 While appellant was serving a ten-year period of deferred adjudication community
supervision, the State filed a motion to revoke alleging that appellant had violated the terms
of her community supervision by delivering cocaine on three occasions. Finding the State's 
allegations to be true, the trial court adjudicated appellant guilty and sentenced her to a
term of twenty years' confinement in the Texas Department of Criminal Justice-Institutional
Division. This appeal ensued.

II. Challenge to Punishment

 By her sole issue, appellant contends that the sentence imposed by the trial court
violated the Eighth and Fourteenth Amendments of the United States Constitution. See
U.S. Const. amends. VIII, XIV. Specifically, appellant argues that the sentence was cruel
and unusual because the State and appellant requested a twelve-year sentence, and yet
the trial court sentenced her to twenty years in prison. (1)

 The State claims that appellant's issue has not been properly preserved for
appellate review. An appellant must present to the trial court a timely, specific objection
and obtain an adverse ruling in order to preserve complaints concerning cruel and unusual
punishment and violation of due process rights. Trevino v. State, 174 S.W.3d 925, 927-28
(Tex. App.-Corpus Christi 2005, pet. ref'd) (providing that "by failing to object to the trial
court's sentence below, [the appellant] forfeited his complaint" that his punishment was
cruel and unusual); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.-Corpus Christi
1989, pet. ref'd) ("Our law is well-established that almost every right, constitutional and
statutory, may be waived by the failure to object."); see Tex. R. App. P. 33.1(a)(1)(A);
Schneider v. State, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983) (en banc) (finding that
by not objecting to the trial court, appellant had not preserved for review his complaint that
the sentence was void because it inflicted cruel and unusual punishment). Here, appellant
did not raise any objection to the sentence imposed by the trial court and, thus, did not
preserve the issue for appeal. See Trevino, 174 S.W.3d at 927-28; Quintana, 777 S.W.2d
at 479.

 Nonetheless, even had this issue been preserved, we would conclude that the
sentence imposed was not cruel and unusual. The punishment assessed is not cruel and
unusual within the constitutional prohibition as long as it is within the range prescribed by
the statute. Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Davis v. State,
125 S.W.3d 734, 735 (Tex. App.-Texarkana 2003, no pet.); see Barrow v. State, 207
S.W.3d 377, 381 (Tex. Crim. App. 2006) ("[A] punishment that falls within the legislatively
prescribed range, and that is based upon the jury's (or trial court's, in a bench trial)
informed normative judgment, is unassailable on appeal."). A person "adjudged guilty of
a felony of the first degree shall be punished by imprisonment in the institutional division
for life or for any term of not more than 99 years or less than 5 years." Tex. Penal Code
Ann. § 12.32 (Vernon 2003). No error is shown in this case because the punishment
assessed by the trial court was well within the range of punishment for a first degree felony. 
See id.; Samuel, 477 S.W.2d at 614; Davis, 125 S.W.3d at 735; see also Barrow, 207
S.W.3d at 381. Thus, the sentence was not cruel and unusual. See Samuel, 477 S.W.2d
at 614; Davis, 125 S.W.3d at 735. We overrule appellant's sole issue.

III. Conclusion

 We affirm.


 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 3rd day of July, 2008.
1. To the extent appellant may be asserting that the sentence imposed is disproportionate to the
offense, appellant has waived that argument on appeal because she neither cites to authority nor supports
the assertion with a clear and concise argument. See Tex. R. App. P. 38.1(h).