

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00107-CR

WILLIAM ELLIOTT CURRY, IV, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR18-182

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

William Elliott Curry, IV, appeals his sentence for continuous sexual assault of a child under fourteen years of age. With no plea agreement in place, Curry pled guilty and proceeded to trial on punishment before the trial court. After hearing the evidence, the trial court assessed a sentence of fifty years' imprisonment. Curry argues that the sentence is disproportionate to the crime and is cruel and unusual, thereby violating the Eighth Amendment to the United States Constitution. *See* U.S. CONST. amend. VIII. We find no error in the trial court's sentence and affirm the trial court's judgment and sentence.

## I.     Proceedings at the Trial Court

Curry entered an open plea of guilty to the indictment, which alleged that Curry "during a period that was 30 or more days in duration . . . commit[ed] two or more acts of sexual abuse" against Delilah[1] when she was younger than fourteen years of age.[2] The State presented admonishments to Curry explaining his rights in this proceeding, a waiver of his right to trial by jury, and a judicial confession, all of which were in writing and signed by Curry. The trial court specifically admonished Curry that the range of punishment was incarceration of not less than twenty-five and not more than ninety-nine years or life imprisonment and a fine of up to $10,000.00.[3] The trial court accepted Curry's guilty plea and found him guilty of the offense charged. The trial court then proceeded to a punishment trial.

---

[1] In this opinion, we refer to the child by a pseudonym in order to protect her identity. *See* TEX. R. APP. P. 9.10.

[2] The indictment also alleged the other constituent elements, i.e., that Curry did these acts with the intent to gratify his sexual desire and that he specifically caused his daughter "to touch the genitals of" Curry.

[3] Although the trial court admonished Curry that he could be fined, Section 21.02 of the Texas Penal Code does not authorize a fine. *See* TEX. PENAL CODE ANN. § 21.02(h).

At the punishment trial, Curry's wife testified, describing how Curry's sexual abuse of Delilah had caused great distress to the family.[4] Curry then testified. The State then called Delilah to testify in rebuttal. The State's attorney and defense counsel made their closing arguments. After hearing the arguments, the trial court considered the testimony and the State's exhibits and imposed a sentence of fifty years' imprisonment.

## II.    Standard of Review

The Eighth Amendment to the United States Constitution requires that a criminal sentence be proportionate to the crime for which a defendant has been convicted. *Solem v. Helm*, 463 U.S. 277, 290 (1983). "An allegation of disproportionate punishment is a valid legal claim. The concept of proportionality is embodied in the Constitution's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing U.S. CONST. amend. VIII). "But, this is a narrow principle that does not require strict proportionality between the crime and the sentence." *Id.* (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). The United States Supreme Court has observed that the principle of disproportionate sentences is "applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin*, 501 U.S. at 1001). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Id.* at 77.

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm

_____

[4]A law enforcement offense report was offered into evidence, which we summarize below.

caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). A court reviewing a claim of a constitutionally disproportionate sentence "initially make[s] a threshold comparison of the gravity of the offense against the severity of the sentence, and then consider[s] whether the sentence is grossly disproportionate to the offense." *Davis v. State*, 125 S.W.3d 734, 736 (Tex. App.—Texarkana 2003, no pet.) (citing *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.)). If such a disproportion is found, only then does the reviewing court examine the next two *Solem* factors, i.e., comparisons of sentences for similar crimes in the same jurisdiction and sentences for the same offense in other jurisdictions. *Jackson*, 989 S.W.2d at 846; *see also McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) (analyzing *Solem* and *Harmelin* in light of the latter's scattered plurality opinion and concluding "disproportionality survives; *Solem* does not").

Generally, where an assessed sentence is within the prescribed punishment range for the offense of conviction, the sentence will not be found to be cruel and unusual. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The Texas Court of Criminal Appeals "has traditionally held that punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual." *Simpson*, 488 S.W.3d at 323. If we find a sentence to be grossly disproportionate to the offense, we then "compare the sentence received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions." *Alberto v. State*, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.) (citing *Solem*, 463 U.S. at 292).

4

**III.    Curry's Conduct**

When she was thirteen years old, Delilah told her mother that Curry had been sexually assaulting her since she was eight. Delilah told a forensic interviewer that Curry abused her fifteen to twenty times since she was eight years old. According to Delilah, the last assault occurred only a few days before she told her mother, and these attacks happened when Delilah's mother was out of town. Curry's usual practice was to have Delilah place his penis in her mouth and to digitally penetrate Delilah's anus. At trial, Delilah testified that Curry's abuse had shattered what she thought had been a perfect family. She worried that absent a significant sentence, Curry would be released from prison when she had young children of her own and subject them to abuse.

**IV.    Analysis**

Continuous sexual assault of a child under fourteen years of age is a first-degree felony, and the range of punishment is a sentence of imprisonment for not less than twenty-five years and not more than ninety-nine years, or life. *See* TEX. PENAL CODE ANN. § 21.02. In addition, a defendant convicted of continuous sexual assault of a child is not eligible for parole. *See* TEX. GOV'T CODE ANN. § 508.145(a), (d)(2) (Supp.). Consequently, it is clear that the offense of continuous sexual assault of a child under fourteen years of age is one of the gravest criminal offenses under Texas law.

According to the evidence, Curry repeatedly sexually assaulted Delilah over a span of several years. The State urged a sentence of sixty years. Because a conviction for this offense precludes release on parole, a sentence of more than sixty years would have exposed Curry to a

greater period of incarceration than if he were convicted of an offense with parole eligibility. *See id.*

Curry sought the minimum punishment available, arguing that, because he was forty-three years old at the time of trial, the minimum sentence of twenty-five years would leave him "quite old, quite elderly" upon his release. The State argued that, because there is no parole, if the trial court imposed the minimum sentence, there would be no one supervising Curry after his release from prison. The victim testified that she feared that upon his release at the age of sixty-eight, there would be nothing to prevent Curry from being around any children she may have by then. The trial court's sentence of fifty years' imprisonment is roughly in the middle of the available sentencing range and is less than the sentence urged by the State.

Given the gravity of the offense and the fact that the sentence imposed falls well within the middle of the punishment range, we cannot say that the trial court's judgment is grossly disproportionate to the offense of conviction. Moreover, Curry has presented nothing to place his case in the realm of the "exceedingly rare"[5] and "extreme"[6] cases contemplated by the United States Supreme Court. Curry's argument is essentially that this was his first criminal offense and that imposing the sentence on a forty-three-year-old man was unfair. Because the sentence is not grossly disproportionate to the crime committed, we need not examine the remaining *Solem* factors. *See McGruder*, 954 F.2d at 316. We overrule Curry's point of error.

---

[5]*Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

[6]*Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring).

## V. Conclusion

The trial court's judgment and sentence are affirmed.


Ralph K. Burgess
Justice

Date Submitted:    December 30, 2019
Date Decided:     January 24, 2020

Do Not Publish