

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00083-CR
_____

KORY RASHAD HILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 55,537-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Kory Rashad Hill entered an open plea of guilty to unlawful possession of a firearm, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04 (Supp.). After receiving Hill's plea and hearing punishment evidence, the trial court sentenced Hill to four years' incarceration. On appeal, Hill argues that his four-year sentence is "cruel and unusual punishment" in violation of the Eighth and Fourteenth Amendments and Article 1.09 of the Texas Code of Criminal Procedure. *See* U.S. CONST. amends. VIII, XIV; TEX. CODE CRIM. PROC. ANN. art. 1.09. Finding no error in the trial court's sentence, we affirm the judgment.

## I.      Trial Court Proceedings

Hill entered an open plea of guilty to the State's indictment, which alleged that Hill, a previously convicted felon, unlawfully possessed a firearm. *See* TEX. PENAL CODE ANN. § 46.04(a).[1] After signing a waiver of jury trial, a stipulation of evidence, and a plea-in-bar, Hill was admonished by the trial court that his plea of guilt could result in a punishment of "[two] to [ten] years in prison and up to a $10,000 fine." Hill acknowledged his understanding of the punishment range and continued with his plea of guilty. The trial court accepted Hill's plea of guilty and proceeded to a punishment trial.

---

[1]Section 46.04(a) states,

> A person who has been convicted of a felony commits an offense if he possesses a firearm:
> (1)      after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or
> (2)      after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE ANN. § 46.04(a).

Hill was the only witness to testify. Hill explained that there was no doubt that there was a "pistol in the car" when he was pulled over for speeding but that it belonged to his wife, who was not in the vehicle at the time. He testified that he was unaware that it was in the vehicle until he opened the glove compartment, at which time his female passenger put the gun in her purse. Hill acknowledged that he had five prior felony convictions that involve drugs and weapons.

Hill testified that he had a family and that he was employed at the time of trial. He requested community supervision. On cross-examination, the State presented the pre-sentence investigation report, which indicated Hill had been arrested approximately eleven times. Hill disagreed with that figure but could not state how many times he had been arrested. Those arrests included armed robbery and additional possession of firearms charges. After hearing the testimony and arguments and considering the evidence, the trial court found Hill guilty of the offense charged and sentenced him to four years' incarceration.

Hill filed a motion for new trial and argued, at the hearing on that motion, that the sentence he received was cruel and unusual punishment. The trial court orally denied the motion and later signed an order reflecting the denial of Hill's motion for new trial. This appeal followed.

## II. Standard of Review

The Eighth Amendment prohibition on cruel and unusual punishment "is a narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501

3

U.S. 957, 1001 (1991) (Kennedy, J., concurring)). The prohibition on cruel and unusual punishment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* (quoting *Ewing v. California*, 538 U.S. 11, 23 (2003)). Mere harshness does not meet this standard. *Id.* at 324 ("Appellee presented evidence that his sentence was too harsh, not that it was unconstitutional."). The Texas Court of Criminal Appeals "has traditionally held that punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual." *Id.* at 323; *see Squalls v. State*, No. 06-23-00056-CR, 2024 WL 2178626, at *7 (Tex. App.—Texarkana May 15, 2024, pet. ref'd) (mem. op., not designated for publication).

"An allegation of disproportionate punishment is a valid legal claim. The concept of proportionality is embodied in the Constitution's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense." *Simpson*, 488 S.W.3d at 322 (citing U.S. CONST. amend. VIII). "But, this is a narrow principle that does not require strict proportionality between the crime and the sentence." *Id.* (citing *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring)). However, the United States Supreme Court has observed that the principle of disproportionate sentences is "applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring)). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Id.* at 77.

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm

4

caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). A court reviewing a claim of a constitutionally disproportionate sentence "initially make[s] a threshold comparison of the gravity of the offense against the severity of the sentence, and then consider[s] whether the sentence is grossly disproportionate to the offense." *Davis v. State*, 125 S.W.3d 734, 736 (Tex. App.—Texarkana 2003, no pet.) (citing *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.)). If such a disproportion is found, only then does the reviewing court examine the next two *Solem*[2] factors, i.e., comparisons of sentences for similar crimes in the same jurisdiction and sentences for the same offense in other jurisdictions. *Jackson*, 989 S.W.2d at 846; *see also McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) (analyzing *Solem* and *Harmelin* in light of the latter's scattered plurality opinion and concluding "disproportionality survives; *Solem* does not").

Generally, where an assessed sentence is within the prescribed punishment range for the offense of conviction, the sentence will not be found to be cruel and unusual. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Texas has long held that punishments falling within the prescribed statutory limitations are not cruel and unusual within the meaning of the Texas Constitution. *See Simpson*, 488 S.W.3d at 323; *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). If we find a sentence to be grossly disproportionate to the offense, we then "compare the sentence received to sentences for similar crimes in the same jurisdiction and

---

[2]*See Solem v. Helm*, 463 U.S. 277 (1983).

5

to sentences for the same crime in other jurisdictions." *Alberto v. State*, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.) (discussing *Solem*, 463 U.S. at 292); *see also Curry v. State*, No. 06-19-00107-CR, 2020 WL 398503, at *2 (Tex. App.—Texarkana Jan. 24, 2020, pet. ref'd) (mem. op., not designated for publication).

## III.    Analysis[3]

Unlawful possession of a firearm by a convicted felon is a third-degree felony with a punishment range of not more than ten years or less than two years. TEX. PEN. CODE ANN. §§ 46.04(e), 12.34. Though Hill sought community supervision for this offense, the trial court heard evidence of numerous prior instances in which Hill had received community supervision yet continued to offend the laws with both drugs and weapons charges. The trial court stated, "There's just simply too many transactions with gun cases and drug cases for me to grant you . . . probation." Given the record before the trial court as well as the sentence falling on the low end of the range allowed, we cannot say that the trial court's judgment is grossly disproportionate to the offense of conviction. *See Curry*, 2020 WL 398503, at *3. "Moreover, [Hill] has presented nothing to place his case in the realm of the 'exceedingly rare' and 'extreme' cases contemplated by the United States Supreme Court." *Id.* (footnotes omitted) (citations omitted) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980); *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring)). We overrule Hill's challenges to his sentence.

---

[3]We note that Hill has not separately urged his state and federal constitutional claims. *See Moore v. State*, 54 S.W.3d 529, 541 (Tex. App.—Fort Worth 2001, pet. ref'd). "Appellant provides no argument or authority suggesting a distinction between the Eighth Amendment's prohibition against 'cruel and unusual' punishment and the Texas Constitution's ban on 'cruel or unusual' punishment. *Id.* (citing *Moore v. State*, 935 S.W.2d 124, 128 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1219 (1997)). Thus, we address his federal and state constitutional claims together.

## IV.     Conclusion

We affirm the trial court's judgment.

                                        Scott E. Stevens
                                        Chief Justice

Date Submitted:     December 1, 2025
Date Decided:       December 16, 2025

Do Not Publish